C. W. MAIER v. THE STATE.

No. 5921.    Decided June 22, 1921.

Rehearing denied December 21, 1921.

**1.—Illegal Practice of Medicine—Indictment—Erasure—Practice in Trial Court.**

Where, upon trial of the illegal practice of medicine, etc., motion to quash was made on account of the erasures and interlineations in the indict-

ment, but no evidence was offered in support thereof, and no such presumption arises from the face of the indictment, there was no error in overruling the motion.

### 2.—Same—Charge of Court—Requested Charges—Practice in Trial Court.

Where, upon trial of the illegal practice of medicine, without having registered in the office of the district clerk a certificate, etc., as required by Article 750, Penal Code, various criticisms to the charge of the court were made. and requested charges presented, but it appeared from the record that such changes as suggested would have produced no practical result, there was no reversible error.

### 3.—Same—Charge of Court—Statutory Definition.

A complaint to the main charge of the court that there was error in the court's quoting of definitions given by the statute, as superfluous, etc., there was no error. Following Hicks v. State, 88 Texas Crim. Rep., 438.

### 4.—Same—Sufficiency of the Evidence.

Where, upon trial of illegal practice of medicine, the evidence supported the conviction under a proper charge of the court, there was no reversible error.

### 5.—Same—Rehearing—Indictment—Erasures—Name of Patient.

Where nothing appeared in the indictment on which to base any conclusion that same did not with certainty apprise the defendant of the fact that he was charged with practicing and ffering to practice medicine upon the person alleged in the indictment, there was no reversible error.

### 6.—Same—Statutes Construed—Charge of Court—Definition of Offense— Article 743, C. C. P.

Article 755, Vernon's C. C. P., defines in two ways those acts which shall constitute practicing medicine under the meaning of that phrase, as used in our medical practice act, and a person who practices medicine in this State must register the certificate required by law in the office of the district clerk in the county in which he practices, and where the offense of not so filing his certificate was the one charged against the defendant, the complaint that the court in his charge gave both definitions presents no reversible error, under Article 743, Vernon's C. C. P.

### 7.—Same—Requested Charge—Practice on Appeal.

Where the requested charge with reference to treating the disease and asking compensation thereof was substantially given in the main charge, there was no reversible error in refusing same.

Appeal from the County Court of Hill. Tried below before the Honorable R. T. Burns.

Appeal from a conviction of illegally practicing medicine without filing the proper certificate, etc.; penalty, a fine of $50 and one hour in jail.

The opinion states the case.

*Dupree & Crenshaw,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of sufficiency of the indictment: Byrd v. State, 72 Texas Crim. Rep., 242; Young v. State, 61 id., 440.

MORROW, PRESIDING JUDGE.—The indictment charges that the appellant "did then and there unlawfully engage in the practice of medicine and offer to engage in the practice of medicine for hire upon a human being, to-wit: upon Mrs. Guy Hooker without having registered in the office of the District Clerk . . . a certificate," etc. The indictment was properly drawn under Chapter 6, Title 12 of the Penal Code. The original indictment accompanies the record in support of the contention, that on its face it bears evidence of such alteration or interlineation as to vitiate it. The instrument is typewritten, and the form suggests that in writing it the letters "Mrs." preceding the name "Guy Hooker" were inserted. No evidence was offered, and we think from the instrument no such presumption arises as would condemn it. The inserted letters bear the appearance of having been written with the same typewriter, and as the matter impresses us, nothing is disclosed throwing suspicion upon the indictment. It is said:

"Where an interlineation or erasure is in the same handwriting and written with the same ink as the balance of the deed, the presumption, in the absence of any other proof, is that it occurred prior to the execution and delivery or at least that no inference arises to require explanation."

Cyc. of Law & Proc., Vol. 12, page 255. Illustrative cases will be found in the note under the text.

The evidence reveals, without conflict, that the appellant was consulted and upon examination of Mrs. Hooker, diagnosed her ailment as resulting from misalignment of certain joints of the vertebrae in her spine; that he was known as a chiropractor; that he treated Mrs. Hooker by using a course of *"adjustments"* for which he charged and was paid compensation; that he used no medicine or surgical instruments, and that following the treatment her condition improved.

It was also shown that he had not registered his certificate as required by the statute. Penal Code, Article 750.

Various criticisms to the charge are made, based upon exceptions and special charges presented upon the trial. From an academic point of view, doubtless, the charge might have been improved by following some of the suggestions embraced in the criticisms mentioned, but to our mind, it is apparent that such changes would have produced no practical results. The facts constituting the elements of the offense and its commission by the appellant were testified to by witnesses. They were not controverted by any testimony. No discrediting facts were introduced or suggested which would authorize the jury to disregard the testimony. Without arbitrarily disbelieving the evidence, a conviction was a necessary result. No change was suggested with reference to the charge which would or could, in our judgment, have affected the jury's assessment of the punishment.

The court, in his main charge, submitted the true issues to the jury in a language which we think was unexceptional. His quoting of definitions given by Article 755 of the statute on the practice of medi-

cine may have been superfluous.   Both phases of the statute were embraced in the indictment and in the proof, however, that is, "offering to treat" and "treating Mrs. Hooker."   We see no reason why a conviction might not have been had upon either.   The circumstances show that he was holding himself out as what is known as a chiropractor, a term not unknown to the law.   Hicks v. State, 88 Texas Crim. Rep., 438, 227 S. W. Rep., 302.   As such he diagnosed and treated Mrs. Hooker.

Pretermitting a further discussion of details of the charge or the criticism addressed thereto, we will say that after a careful examination of them and the entire record, we are impressed with the conviction that the records reflects nothing indicating that the trial of the appellant was otherwise than fair and impartial, but that, on the contrary, it seems manifest that such irregularities as are complained of, granting the technical accuracy of the complaint of them, could have produced no result prejudicial to the appellant.   Such being our conclusion, our duty to affirm the case is imperative, made so by the statute, Article 743, Code of Crim. Proc., as often construed in the decisions noted thereunder in Vernon's Texas Crim. Statute, vol. 2.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

December 21, 1921.

LATTIMORE, JUDGE.—In view of the urgent motion of appellant, we have again gone over the matters raised.   The original indictment is before us.   It is mainly typewritten.   The alignment of the machine was such as that the first letter of each typewritten line falls directly under the first letter of the line above.   There appears a marginal space of more than an inch at the left of each such line.   Under the first letter of the second line appears the letter "G," the beginning of the name Guy Hooker which appears on the third line.   In said line and to the left of the word "Guy" plainly appears the abbreviation "Mrs." The abbreviation "Mrs." appears to be written upon a place where something else had been written and erased, such erasure destroying the smooth surface of the paper. Careful scrutiny shows that the abbreviation "Mrs." seems to have been first type upon said paper slightly above the level of the other letters on the third line.   This appears to have been erased, and by a slight moving of the paper upon which the indictment was written, the "Mrs." now appearing in the indictment was written. There does not appear to have been any erasure of the "Mrs." which now appears on the face of the indictment.   We see nothing in the indictment on which to base any conclusion that same does not with certainty apprise appellant of the fact that he was charged with practicing and offering to practice medicine upon Mrs. Guy Hooker.

Article 755, Vernon's P. C., defines in two ways those acts which shall constitute practicing medicine under the meaning of that phrase as used in our medical practice act, same being Chapter 6, Vernon's P. C. Irrespective of whether embraced under one definition or the other,—a person who practices medicine in this State must register the certificate required by law in the office of the district clerk in the county in which he practices. The failure to so register such certificate was the gist of the offense charged in the instant case. We regard the complaint of appellant that the trial court gave to the jury in his charge both definitions above mentioned, as presenting no possible injury to appellant. There appears no controversy over the fact that he had not registered any certificate with said clerk, and that what he did was within the inhibition of the said medical practice act. Even if technically uncalled for, the giving of both said definitions was harmless. Article 743, Vernon's C. C. P.

The evidence also shows without controversy that appellant treated Mrs. Guy Hooker for misalignment of her spine, which he thought he could relieve; that she took two courses of treatment from him for which he was paid $70, and that she thought she was relieved. A special charge that before the jury could convict, they must believe that appellant treated or offered to treat diseases or disorders by some system or method for which directly or indirectly he charged money or other compensation, would have been but a repetition of a part of the main charge which used substantially the same language.

No error appearing the motion for rehearing is overruled. ·

*Overruled.*