Guillermo Jurado v. The State.

No. 6771.  Decided March 15, 1922.

Rehearing Denied April 12, 1922.

1.—Receiving and Concealing Stolen Property—Misconduct of Jury—Practice on Appeal.

In the absence of a bill of exceptions, to the action of the court in overruling the motion for new trial because of the misconduct of the jury, and the evidence which was taken on said motion not being filed within the term of the court, the same canot be reviewed upon appeal.  Following Probest v. State, 60 Texas Crim. Rep., 608, and other cases.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of receiving and concealing stolen property, the evidence was sufficient to sustain the conviction, there was no reversible error.

3.—Same—Rehearing—Practice on Appeal.

Where, upon motion for rehearing, after a consideration of the record, this court comes to the conclusion that the original opinion, holding that the evidence is sufficient to sustain the conviction was correct, the motion for rehearing is overruled.

Appeal from the Districe Court of El Paso.  Tried below before the Honorable W. D. Howe.

Appeal from a conviction of unlawfully receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Owen & Bridges,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

HAWKINS, Judge.—Conviction is for receiving and concealing stolen property over the value of fifty dollars, knowing the same to

have been stolen. Punishment was assessed at two years confine-ment in the penitentiary.

There are no bills of exception in the record and only two questions are raised in the motion for new trial; one being as to the sufficiency of the evidence to support the conviction; the other alleging mis-conduct of the jury. The latter matter can not be considered by us. No bill of exception appears in the record to the action of the court in overruling motion for new trial upon this point, and the evidence taken upon the motion for new trial upon this issue was not filed during the term of court at which conviction was had. We find in the general statement of facts the testimony of some of the jurors, but this was not filed in the lower court until November 4, 1921, court having adjourned on October 1, 1921. Under this state of the record the alleged misconduct of the jury can not be reviewed by us. See Probest v. State, 60 Texas Crim. Rep. 608, 133 S. W. Rep. 263, and cases therein referred to; also, Hart v. State, 86 Texas Crim. Rep. 653, 218 S. W. Rep. 1054; Parroccini v. State, 90 Texas Crim. Rep., 320; 234 S. W. Rep. 671.

H. S. Appelby was in the harness and wagon business in the city of El Paso. About eight o'clock in the morning two saddles were stolen from in front of his place of business where they had been placed for display. A few days afterwards they were found by the officers in an unused toilet in the rear of an apartment house belong-ing to appellant. The door to the closet was locked and nailed up at the time the officers recovered the property. The theft was estbalish-ed beyond question, as was also the value of the property as being over fifty dollars.

Andres Dominguez, a witness for the State, testified substantially that he was in the grocery business in the house adjoining the premises owned by appellant where the stolen property was found. A day or two before the saddles were recovered, this witness saw Francisco Alanis and Juan Huerta drive up in an automobile in front of the alley or passageway between witness' store and the apartments in question and take out of the automobile two bundles (which were afterwards discovered to be the saddles in question) and take them to the back of Jurado's premises. A short time after they came up in their automobile Jurado drove up in the opposite direction in his car and also went to the back of his premises, and witness saw appel-lant, Alanis and Huerta talking together. Alanis and Huerta left. Appellant went upstairs in the apartment house and after remaining there a little while he also left. When witness saw appellant go to the back of his apartment Alanis, Huerta and he were standing near the toilet from which the property was afterwards recovered. Witness heard nothing that was said between appellant and the two parties but noticed that when they left they did not have the bundles with them. This witness claims that appellant, Alanis and Huerta all came out from back of the apartment together.

Rebecca Martinez was acquainted with appellant and Alanis but did not know Huerta. This witness saw appellant, Alanis and another party whom she did not know pass by her mother's apartment and go in at the back of appellant's apartment and heard appellant say to the other two "not to put him in danger with the things they had, to get them out there quick." Appellant was not carrying anything, but the other two were carrying a bundle each. After the three left she went into what she called the corral (the yard back of the apartment house) and found the two saddles which were wrapped up in a blanket. Francisco Alanis testified that on the day the saddles were stolen appellant and Huerta were in an automobile and called him to them, and appellant got out of the car and that he and Huerta went and got the saddles and brought them to appellant's apartment and put the saddles in the toilet. He claims it was locked at the time and that appellant unlocked it. He says appellant did not help take the saddles out of the car nor was he with them at the time they secured the saddles, but that appellant opened the door and he (witness) and Huerta put them in the toilet: that appellant gave him (witness) a dollar which he gave to the driver of the automobile in which they had brought the saddles to appellant's place.

Jose Adellaño, the service car driver, testified that a few days before the saddles were recovered Alanis telephoned him for a car; that he met them at the place designated over the telephone. This was about two o'clock in the afternoon; that he went where he was directed to go and that Alanis and the other party got two bundles out of a small house, one of the bundles being wrapped in a blanket and the other in a sack. This witness seems to have thought the stuff was tequila and made some inquiry about it and was told by one of the parties that they were saddles. At their direction he drove them to appellant's apartment where they got out of the car taking the saddles with them and Alanis paid him one dollar for his services. After receiving his pay this witness drove away and says he did not see appellant during the time he was there.

Appellant himself did not testify. He introduced several witnesses who claim to have seen Alanis and Huerta at the time they brought the saddles to the apartment and who testified that appellant was not with them at the time, but that he came into the apartment directly from his car and went upstairs, and only spoke to Alanis as he met him in the passageway. The testimony of appellant's witnesses, if believed, would have authorized the jury to have reached the conclusion that although Alanis and Huerta may have brought the saddles to his apartment that they may have done so without his knowledge and that they placed the saddles in the toilet where they were afterwards found. One witness placed upon the stand by appellant testified in this connection that she saw Alanis pulling at the toilet door as though trying to open it and that appellant was not with them at this time.

The evidence was conflicting upon the vital issue as to appellant's knowledge of the placing of the stolen property in his apartment. but the jury alone are authorized to settle such controversies, which they did against appellant's contention. We have given a somewhat detailed account of the State's testimony in order that it may be seen that the same fully warranted the conviction. It is true Alanis was an accomplice and the jury were so instructed by the court, as well as to the necessity for his corroboration. The corroborating testimony is sufficient beyond question.

The judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

April 12, 1922.

LATTIMORE, JUDGE.—The sole question considered by us in the original opinion was the sufficiency of the evidence. We held that there was support in the record for the verdict of the jury. This motion assails the correctness of our conclusion. Further review of the facts strengthens us in our belief. Alanis, one of the takers of the alleged stolen goods, testified for the State. He was an accomplice. His testimony if true and corroborated by other evidence tending to connect appellant with the receipt or concealment of the stolen property, was sufficient to support the verdict. Appellant owned a building. In its rear was a toilet or bath room which appellant kept locked. Dominguez was not an accomplice. His place of business adjoined appellant's said premises. On the day of the alleged theft Dominguez testified that he saw Alanis and Huerta bring in a car the bundles containing the alleged stolen property. They got out of the car and took their bundles with them. About this time appellant drove up. He alighted and conferred with Alanis and Huerta. They put their bundles in said toilet or bath room. They went in appellant's building and were seen by Dominguez with appellant in conference. They went away. That afternoon Alanis and Huerta came back to appellant's premises and were again seen by Dominguez in conference with appellant. Later Dominguez testified that he heard appellant tell the said parties that they must not endanger him by what they had put back there. The stolen property was recovered by the officers locked up in said building on appellant's premises. There seems no question but that this tended to connect appellant with the receipt and concealment of said stolen property.

The motion for rehearing is overruled.

*Overruled.*