W. T. JACOBS v. THE STATE.

No. 6939.   Decided May 3, 1922.

Rehearing Denied June 21, 1922.

**1.—Embezzlement—Statement of Facts—Questions and Answers.**

Where the statement of facts consisted in questions and answers, the same will be stricken out upon motion of the Assistant Attorney General, following Jetty v. State, 90 Texas Crim. Rep., 346, and other cases.

**2.—Same—Requested Charge—Practice on Appeal.**

Exceptions to charges of the court in overruling and an application for continuance cannot be considered on appeal in the absence of a statement of facts.

**3.—Same—Rehearing—Statement of Facts—Questions and Answers.**

It is not an open question, where a statement of facts consists in question and answer form that the same must be stricken out upon motion by the State. Following Parker v. State, 238 S. W. Rep., 943, and other cases.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rasbury, Adams, Steiner & Howell,* and *Jed C. Adams,* and *Wynne & Wynne,* for appellant.

*R. T. Storey,* Assistant Attorney General, and *Robert B. Allen,* for the State.

LATTIMORE JUDGE.—Appellant was convicted in the Criminal District Court of Dallas county of embezzlement, and his punishment fixed at two years in the penitentiary.

We are confronted upon the threshold of this case with a motion by our Assistant Attorney General to strike from the record a purported statement of facts for the reason that same consists of questions and answers.   An examination of same reveals that with

the exception of three or four pages, these being mainly the testimony of appellant himself, said statement of facts is open to the objection made by the Assistant Attorney General. The motion to strike out the statement of facts must be sustained. Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Huey v. State, 90 Texas Crim. Rep., 400, 235 S. W. Rep., 887; Rylee v. State, 90 Texas Crim. Rep., 482, 236 S. W. Rep., 744.

There are a number of exceptions to the charge of the trial court, but an examination of same reveals the fact that each of them is dependent, for the error urged therein, upon the existence of certain facts in evidence, which facts are not shown by the bills of exception and are not revealed anywhere in the record because of the absence of a statement of facts. This is true also of several special charges asked by the appellant and refused by the trial court. A continuance was asked because of the absence of certain witnesses but appellant appears to have been satisfied with the refusal thereof by the trial court inasmuch as no bill of exceptions was taken to the refusal of said continuance. See Sec. 304, Branch's Ann. P. C., for authorities.

No error appearing in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

## ON REHEARING.

### June 21, 1922.

HAWKINS, JUDGE.—Appellant insists we were in error in striking out the statement of facts because in question and answer form. This is not an open question. In addition to the cases cited in the opinion we refer to those collated by Mr. Branch in his Ann. P. C., page 309, Section 601, also the later cases of Moody v. State, 236 S. W. Rep., 741; Jetty v. State, 235 S. W. Rep., 589; Rylee v. State, 236 S. W. Rep., 744; Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W. Rep., 943.

The motion for rehearing will be overruled.

*Overruled.*