### Dan Reese v. The State.

No. 6806.   Decided April 11, 1923.

1.—Murder—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, there is no reversible error.

**2.—Same—Statement of Facts—Bills of Exception—Jury and Jury Law.**

Where defendant had filed a motion to quash the special venire in which he raised an issue *de hors* the record and tendered the evidence upon this issue, and the statement of facts thereon was not filed before the adjournment of the term of the court, the statements of fact and bills of exception thereon presenting these matters cannot be considered on appeal. Following Crowley v. State, 242 S. W. Rep., 472, and other cases; besides the bill of exceptions being in question and answer form could likewise on this ground not be considered. Following Jetty v. State, 90 Texas Crim. Rep., 346, and other cases.

**3.—Same—Charge of Court—Self Defense—Article 743 C. C. P.**

Where exceptions were taken to an isolated clause on the charge of self-defense defining justifiable homicide, and the decisions cited to uphold defendant's exceptions, were all rendered prior to the amendment in 1913 of what is now Article 743, C. C. P., they have no application, and as the court's charge on self-defense was not calculated to injure the rights of the defendant when the entire charge is considered, there was no reversible error. Following Maier v. State, 235, S. W. Rep., 576, and other cases.

**4.—Same—Rehearing—Special Venire—Practice on Appeal.**

Without attempting to differentiate between a statement of facts heard in a proceeding to quash the special venire presented as a separate statement or incorporated in a bill of exceptions, a distinction which in our opinion does not exist, we observe that all matters of fact on this point as shown by the record are fully set out in the original opinion of the court, and properly decided. Following Black v. State, 41 Texas Crim. Rep., 185.

**5.—Same—Charge of Court—Self-Defense—Harmless Error.**

Regarding appellant's contention as to the error on the charge of self-defense was calculated to injure his rights, which is untenable, it may be added if defendant's theory and testimony of this case be true, no harm could have resulted from the part of the charge complained of, and the motion for a rehearing must be overruled.

Appeal from the District Court of Eastland. Tried below before the Hon. George L. Davenport.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Baskett & De Lee* for appellant.—Cited Hemphill v. State, 170 S. W. Rep., 154; Mooney v. State, 164 S. W. Rep., 828; Ferguson v. State, 202 id., 733; Felder v. State, 127 id., 1055; Mauney v. State, 210 id., 959.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Upon trial for the murder of B. Davis appellant was convicted of manslaughter and his punishment assessed at five years confinement in the penitentiary.

Deceased, together with his wife, daughters and son, were occupying apartments which belonged to appellant. Some little friction had arisen between the parties on account of the failure to pay rent. On

the night of the homicide while deceased was away from the premises his daughters claimed that appellant was on the outside of the house looking at them through the window. Upon their father's return this circumstance was reported to him. A few minutes thereafter appellant came into the house and was accosted by deceased who demanded of him why he had been watching his wife and daughters through the window. This appellant denied. The State's testimony shows that deceased was unarmed and that appellant drew his pistol and shot him without further provation. Appellant was considerably bruised and beaten about the head and face. His testimony and that of his supporting witnesses was to the effect that deceased came out of the room armed with a pistol and upon appellant's denial that he had been watching the young ladies through the window, deceased struck him in the face and about the head with the pistol and attempted to shoot him, whereupon appellant drew his pistol and fired in self-defense. Evidence was also introduced by appellant tending to show that the party whom the young ladies thought was he, was in fact another person who had come to the house and made inquiry as to where some person in the neighborhood lived, and after getting the information had walked down the side of the building past the open window where the daughters claimed to have seen the appellant look in. The State undertook to account for the bruises upon appellant by showing that a son of deceased reached the parties during the shooting and wrenched appellant's pistol from his hand and inflicted the wounds upon him with it. We deem a further statement of the facts unnecessary. Upon the defensive issue suggested by the following statement the evidence of the State and the appellant was directly contrary. It was a matter solely for the determination of the jury as to what were the true facts and we are unauthorized to disturb their findings in that regard.

By the record before us only two questions are presented for review. Appellant filed a motion to quash the special venire in which he avers that what is known as the "jury wheel law" was in effect in the county in which appellant was tried; that said law required the names of all qualified jurors in the county to be placed in the wheel from which jurors or special venires were to be drawn; that the district judge instructed the officers whose duty it was to place the names of prospective jurors in the wheel to omit therefrom all of those who, in their judgment, would not make good jurors; that said instruction was followed and by reason of this possibly one thousand or fifteen hundred qualified jurors of Eastland County had been omitted from the wheel. This averment raised an issue de hors the record. Appellant tendered evidence upon the issue thus presented and the matter is attempted to be brought forward for our consideration by bill of exception. For two reasons the question is not properly before us for review: First: The term of court at which the case was

tried adjourned on October 1, 1921. Appellant was allowed ninety days after adjournment in which to file statement of facts and bills of exception. The bill in question was filed within the time extension granted by the court, but not before adjournment. It has been uniformly held since Black v. State, 41 Texas Crim. Rep., 185, that a statement of facts or bill of exception presenting matters outside the record must be filed before adjournment of the trial term of court, and that the extension applies only to statement of facts as to the guilt or innocence of accused and to bills of exception taken to matters arising during the trial. Section 598, page 307, Branch's Ann. P. C.; Probest v. State, 60 Texas Crim. Rep., 608; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W. Rep., 671; Jurado v. State, 91 Texas Crim. Rep., 490, 239 S. W. Rep., 617; Nothaf v. State, 91 Texas Crim. Rep., 619, 239 S. W. Rep., 215; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472. Second: The evidence brought forward upon the question at issue, and incorporated as a part of the bill of exception consists of eleven pages of questions and answers. No effort appears to have been made to condense it into a narrative form. We have frequently declined to consider statement of facts or bills of exception when appearing in the record in the condition we find this one. Section 601, page 399, Branch's Ann. P. C.; Carter v. State, 90 Texas Crim. Rep., 248; 234 S. W. Rep., 535; Jetty v. State, 90 Texas Crim. Rep., 346; 235 S. W. Rep., 589; Rylee v. State, 90 Texas Crim. Rep., 482, 236 S. W. Rep., 744; McDaniel v. State, 90 Texas Crim. Rep., 636, 237 S. W. Rep. 292; Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W. Rep., 298; Cottrell v. State, 91 Texas Crim. Rep., 506, 237 S. W. Rep., 928; Hornsby v. State, 91 Texas Crim. Rep., 166, 237 S. W. Rep., 940; Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W. Rep., 238; Jacobs v. State, 92 Texas Crim. Rep., 253, 242 S. W. Rep. 232; Young v. State, 92 Texas Crim. Rep., 277, 243 S. W. Rep., 472.

Among other abstract statements of law contained in the court's charge is the following:

"Homicide is justifiable in the protection of the person against any unlawful and violent attack, but in such case all other means must be resorted to for the prevention of injury, and the killing must take place while the person killed is in the very act of making such unlawful and violent attack."

Exception was taken by appellant to this isolated clause in the charge as being a limitation on his right of self-defense and not justified under the facts. Upon this proposition appellant cites us to many cases decided by our own court. We observe that all of the decisions were rendered prior to the amendment in 1913 of what is now Art. 743, C. C. P. We have been cited to no cases rendered subsequent to that time. It may be conceded that the charge com-

plained of was not called for by the evidence, but in order to determine whether it was calculated to injure the rights of appellant it must be considered not as an isolated clause, but in connection with the whole charge and special charges as well. After defining murder, malice and the other elements going to make up the offense of murder, the jury were told that a reasonable apprehension of death or great bodily harm would excuse a party in using all necessary force to protect his life and that it was not necessary that there should be actual danger, but that one so threatened could act upon a reasonable apprehension of danger as it appeared to him from his standpoint and was in no event bound to retreat. In applying the law just stated the jury were told if they believed that at the time appellant killed Davis the latter had made an attack upon him which caused him to have a reasonable expectation or fear of death or serious bodily injury and he killed Davis under those circumstances they should acquit him; and further if deceased at the time he was killed was armed with a weapon which in the manner of its use by deceased was reasonably calculated to cause death, that the law presumed that deceased intended to kill appellant or inflict serious bodily injury upon him. After making an application of the law of murder to the facts the court explained manslaughter, and made application of that, following which appears the clause in the charge to which exception was taken; immediately after it appears the following:

"The attack upon the person of an individual in order to justify homicide must be such as produces a reasonable expectation or fear of death or some serious bodily injury."

The jury are then again told that it is not necessary for the assaulted party to retreat, and this is followed by the statement that it is not necessary to the right of self-defense that the danger should in fact exist, but if it reasonably appeared to the person threatened with apparent danger he had the same right to defend against it as if there were real danger and in determining this it should be viewed from the standpoint of the person acting upon it and in no other way. In addition to the general charge the court gave a special charge at the instance of appellant instructing the jury that he had a right to go armed upon his own premises and his right of self-defense would not be limited or abridged thereby, and in connection therewith also told the jury that if at the time of the homicide it reasonably appeared to appellant that deceased was about to shoot him with a gun or pistol that he would be justified in the killing, although in fact no danger in truth existed at the time.

It will be observed from an examination of the entire charge that the isolated portion complained of was never submitted to the jury in the application of the law to the facts but that the rights of appellant were guarded not only in the main charge but in the special charge given at his request. Prior to the amendment of 1913, the

portion of the charge complained of, if excepted to at the time of the trial or upon motion for new trial, would have perhaps been sufficient to call for a reversal at the hands of this court, but such is no longer the law. Unless an error in the charge is "calculated to injure the rights of appellant" a reversal should not follow. Maier v. State, 90 Texas Crim. Rep., 459, 235 S. W. Rep., 576; Crane v. State, 91 Texas Crim. Rep., 304, 240 S. W. Rep., 920; Flores v. State, 89 Texas Crim. Rep., 506; 231 S. W. Rep., 786. (Also see cases collated in Vernon's 1922 Supplement under Article 743. C. C. P.) An examination of the entire charge in connection with the special charge given satisfies our minds that the charge complained of did not in any way work to the injury of appellant nor was calculated to do so.

Finding no erorrs in the record which may be considered by us which would call for a reversal, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### April 11, 1923.

LATTIMORE, JUDGE.—Appellant's motion for rehearing attacks, first, our conclusion that his bill of exceptions complaining of the overruling of his motion to quash the special venire should ·not be considered by us because not filed during term time. Without attempting to differentiate between a statement of facts heard in such a proceeding presented as a separate statement or incorporated in a bill of exceptions, a distinction which in our opinion does not exist, we observe that all matters of fact on this point as shown by the record are fully set out in our original opinion. Appellant's motion is strongly persuasive, but we regard the law of this question as having been so long settled by the decisions of this court, beginning with Black v. State, 41 Texas Crim. Rep. 185, decided more than twenty years ago, as that we would be unwilling to attempt to unsettle a matter of procedure so well understood by the bench and bar of this State. Our legislature has passed laws upon the matter of bills of exception, their preparation, contents, filing, etc., in at least five separate enactments since the handing down of the decision in the Black case, supra, and has not seen fit to disturb the rule announced. This would seem to lend legislative sanction to the conclusion reached in that case.

Regarding appellant's other contention, we think the error of the charge complained of not calculated to injure appellant's rights. The matter is discussed fully in the original opinion and we only further observe that two theories of the case were made by the evidence: That of the State being that deceased was doing absolutely

94 T. C.—15

nothing when shot by appellant. That of the defense was that appellant was doing absolutely nothing when attacked by deceased who struck him over the head with a pistol, following up the attack by striking and shooting at him, and that said attack was actually in progress when appellant drew his pistol and fired the fatal shot. Under these facts appellant could manifestly have done nothing less than he did in an effort to protect himself, and he was beyond question the object of a violent and unlawful attack when he fired, if his testimony and theory of the case be true, and hence no harm could have resulted from the part of the charge complained of.

Being unable to agree with appellant, the motion for rehearing is overruled.

*Overruled.*