### J. M. WALTERS V. THE STATE.

No. 8949.  Delivered October 7, 1925.

Rehearing denied November 25, 1925.

**1.—Receiving, etc., Stolen Property—Jury and Jury Law—Summoning Talesmen.**

There was no error in permitting the sheriff to summon a jury of talesmen no regular jury having been drawn for that week by the jury commissioners. Art. 715 Vernon's C. C. P. provides: "When from any cause there are no regular jurors for the week, the court shall order the sheriff to summon the number of qualified persons necessary from which to select a jury." Following Wyatt v. State, 38 Tex. Crim. Rep. 258 and other cases cited in Branch's P. C. Sec. 533.

**2.—Same—Misconduct of Jury—Not Shown.**

Where a jury, while in their retirement, and in the custody of the proper officer, were taken to a fire in the town where people were gathered, and after hearing the evidence of the jury and other witnesses introduced on this issue the court correctly overruled appellant's contention, and there was no showing in appellant's bill of exception complaining of the matter, of any injury sustained by him, there was no error.

**3.—Same—Statement of Facts—In Question and Answer Form—Not Considered.**

Where a statement of facts is in question and answer form, it will not be considered. Art. 846 Vernon's C. C. P. provides that statement of facts shall be prepared in narrative form, and the decisions of this court for a long number of years have laid down the rule that a statement of facts in question and answer form will not be considered by us. Following Knott v. State 247 S. W. 500 and other case cited.

ON REHEARING.

**4.—Same—Statement of Facts—Partly in Question and Answer Form—Will be Considered.**

It appearing upon appellant's motion for rehearing that his statement of facts is only part in question and answer form, and without modifying our statement as to the rule with reference to statement of facts, as set out in our original opinion, we have decided to consider the statement of facts in the instant case.

**5.—Same—Bill of Exceptions—Qualification of Court—Appellant Bound By.**

Where a bill of exception complains of testimony admitted over objection, as to the value of the stolen automobile, and such bill is qualified by the court with the statement that appellant's counsel in open court admitted that the automobile in question was worth over $50.00, said admission would make any objection to said testimony as to its value harmless.

**6.—Same—Evidence—Secondary—Admissible When.**

Where it is shown upon a trial that a check which the State seeks to introduce in evidence, was in the possession of defendant, and that upon the trial he was called upon by the State's attorney to produce it, or disclose where it was, or what was done with it, and upon his refusal of this request, the State had the right to introduce secondary evidence of the contents of the check.

**7.—Same—Bill of Exception—Qualifications Control.**

Where a bill of exception complains of the admission of testimony and the court's qualifications state that the testimony was admitted as a part of the res gestae, and the bill does not contain sufficient of the surrounding facts or circumstances to enable us to pass upon same intelligently, in the light of the qualifications, such bill shows no error.

**8.—Same—Bills of Exception—Requisites Of.**

Several bills of exception appear in this record that are so defectively drawn that no error is discovered in the matters complained of, as the bills do not make the materiality of the testimony admitted, sufficiently clear to disclose any error to this court.

**9.—Same—Argument of Counsel—Replying to Opposing Counsel—Not Error.**

Where complaint is made to the argument of State's attorney, and it is shown that his argument was a proper reply to the argument of appellant's counsel, no error is shown.

**10.—Same—Evidence—Properly Admitted.**

Where evidence was admitted that the maker of the check given by the purchaser of the stolen automobile to appellant had ordered payment stopped on said check, after learning that the car was stolen, and had so notified appellant, no error is shown.

**11.—Same—Bill of Exception—When Defective—Presents no Error.**

Where a bill of exception complains upon numerous grounds of the introduction by the State of a written confession of appellant and the bill

does not set out the instrument objected to, we cannot consider it.    Following Stroube v. State, 40 Tex. Crim. Rep. 583; 51 S. W. 357.

**12.—Same—Evidence—Properly Admitted.**

Where in a case for receiving and concealing stolen property the indictment alleges that it was received from a person whose name was unknown to the grand jury, there was no error in permitting the county attorney to testify as to the diligence used by the grand jury to ascertain the name of the person from whom the car was received, to sustain this allegation in the indictment.

Appeal from the District Court of Parker County.    Tried below before the Hon. F. O. McKinney, Judge.

Appeal from a conviction of receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*Harvey P. Shead* and *Thomas C. Tripp,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

The appellant was convicted in the District Court of Parker County for receiving and concealing stolen property and his punishment assessed at two years in the penitentiary.

Complaint is made in bill of exception one to the action of the court in having the sheriff to summon a jury for the week out of which a jury was selected for this trial, because it is alleged the appellant was entitled to a trial by a jury selected by the jury commissioners.    The trial court qualifies this bill, showing that there were regular juries for the second to fifth weeks inclusive, of the term of court, and this case set for an earlier week of court and when called appellant made a motion for continuance, which was overruled and the case reset without objection.    Reset for the seventh week for which there was no regular jury, and that there was no time during a regular jury week that this case could be tried except the first setting. Art. 715, Vernon's C. C. P. provides, when from any cause there are no regular jurors for the week, the court shall order the sheriff to summon the number of qualified persons necessary from which to select a jury.    It appears from the record the court followed this statute, and we are of the opinion there is no error shown in this bill.    Branch P. C. Sec. 533, citing Wyatt v. State, 38 Texas Crim. Rep. 258; Bruce v. State, 173 S. W. 301, and many other authorities.

Bill of exceptions to complaint is made to the action of the court in overruling appellant's motion to quash the indictment, because it is contended same is too vague, indefinite and uncertain.

We have carefully examined said indictment and said bill of exception and are of the opinion that the indictment is sufficient and meets the requirements of the statutes, and follows the approved form of Wilson's Criminal Forms, 4 ed. No. 691, p. 350, and Branch's P. C. Sec. 2530, p. 1364.

Appellant complains in bill of exception sixteen to the jury, while out deliberating and in charge of proper officer going to a fire in town where people had gathered. The court heard the evidence of the jury and all evidence introduced on this issue, and we think correctly overruled the contention of appellant, as there was no showing in said bill of any injury sustained by him in the least.

The statement of facts shows to be made up largely in question and answer form, contrary to Art. 846 Vernon's C. C. P. and for said reason we are unauthorized to consider same. Knott v. State, 247 S. W. 520; Jacobs v. State, 92 Texas Cr. Rep. 253; James v. State, 262 S. W. 500; Simmons v. State, 261 S. W. 1032. In Jacobs v. State, supra, this court on rehearing by Judge Hawkins, stated, "This is not an open question," citing many authorities in addition to many authorities cited in the original opinion by Judge Lattimore. Appellant urges several other bills of exceptions to the ruling of the court upon the trial of this case, but with the elimination of the statement of facts show no alleged errors of the trial court that we can consider.

After a careful consideration of the record we are of the opinion that the judgment of the trial court should be affirmed and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### OPINION ON REHEARING.

BAKER, JUDGE.—Upon more mature reflection the conclusion has been reached that the statement of facts should be considered.

There are sixteen bills of exceptions in the record, and in our former opinion we disposed of bills 1, 2 and 16. We will

now consider the remaining bills embracing the complaint made by the appellant to the action of the trial court in ruling upon issues arising upon evidentiary facts in this case.

Appellant in bills 3 and 10 complains of the action of the trial court in admitting the testimony of the witnesses Van Hooser and Neal relative to the value of the automobile in question, upon the ground that the witnesses were not shown to have been properly qualified to testify to the value thereof. Bill No. 3 is entirely in question and answer form, which under the statutes and decisions of this court, we are not authorized to consider. However, the court qualifies both of said bills by stating that the appellant's counsel in open court admitted to the court and jury that the automobile in question was worth over $50.00. The appellant having accepted said bills with said qualifications thereon, same became a part of said bills and regardless of said objections made to said testimony, said admission would render any objections relative to said value, harmless.

In bill of exception No. 4 appellant complains of the action of the court in permitting the State to prove by the witness Van Hooser, the purchaser of the alleged car in question, that he wrote the check to either "Walters or Clark," because the check was the best evidence. The court qualified this bill by stating that the check was delivered to the defendant and was last seen in his possession and under his control, and on the trial the appellant was called upon by the State's attorney to produce the check and he did not produce it or make any explanation as to where it was or what he had done with it. Under the circumstances we are of the opinion that the State had the right to produce said evidence complained of, and there is no injury shown to the appellant thereby.

In bill No. 5 appellant complains to the action of the district attorney while the witness Van Hooser was upon the stand and he had exhibited to him a letter in an envelope and asked him if he had received that letter, and upon objection made by appellant's counsel, the district attorney stated to the court that defendant told the prosecuting witness Van Hooser that his name was Clark, and he wrote to him in the name of Clark, and the letter was written and received by Van Hooser and signed by Clark, because said remarks were improper and prejudicial. The bill discloses that the court sustained the objections and instructed the jury not to consider the remarks for any purpose, and in his disqualification to this bill further states that after the defendant was arrested, he made a writ-

ten statement to the county attorney which was introduced in evidence and in which he gave his name as Clark, and he signed the same by that name.    Under these circumstances there could be no possible injury done to the appellant.

Complaint is made in bill 6 to the court's action in permitting the witness Van Hooser to testify to a conversation between him and the appellant to the effect that he was selling other cars and would pay a man for helping him sell them, and that the witness told him, the appellant, that Sam Moore was in the market, because it is contended that it was going into another and different transaction, and prejudicial to the rights of the appellant.    The court qualifies this bill by stating that he thought it was a part of the res gestae, and that the defendant's counsel brought out from other witnesses (officers) that the appellant had sold a number of stolen cars and had assisted the officers in recovering the cars for the owners. There is not a sufficient statement of facts in the bill for this court to determine whether said conversation comes under the rule of res gestae or not, and for that reason we will have to presume that the court's ruling was correct.    In any event, the bill as presented with the qualification thereto, shows no error in the admission of said testimony.

In bill 7 complaint is made to the alleged introduction by the State of "Exhibit 4," because it is contended same was not properly identified, that it did not correspond to the original receipt, was hearsay, and did not connect the defendant with said transaction.    Said bill does not state what the witness testified to and does not set out said exhibit, but states the said exhibit was a blank application showing the name of Sheppard and Bosen of Mertens, Texas, for the registration of an automobile in Hill County, Texas.    This bill is not sufficient in itself to apprise this court of the alleged error complained of. The court's qualification to same states that the witness was deputy tax collector of Hill County and had charge of the automobile registration department, that said application was in his custody and was part of the record of the office, and identified it as the application upon which there was issued a registration receipt except for some changes that had been made in it after it was issued, and the evidence showed the defendant delivered it to Van Hooser when the latter bought the car in question from the defendant.    The bill as presented with the qualification shows no error.

Complaint is made in bill 8 to the action of the court in permitting the witness Martin to testify that he had made in-

quiry as to whether or not there was a man by the name of J. A. Hill at Mertens, Texas, and could find no one who knew him over there, and could not find a man by that name at Mertens on the tax roll, because it is contended that same was hearsay, immaterial and prejudicial. The court qualifies this bill by stating that J. A. Hill was either a fictitious person or that he did not live in Hill County. We fail to see any error in this particular, and especially in view of the fact that the witness Sheppard for the State, of the firm of Sheppard and Bosen, testified to practically the same facts to the effect that he did not sell a man by the name of J. A. Hill a Ford car, and did not know a man by that name supposed to live at Mertens.

Complaint was made in bill 9 to the closing argument of the district attorney to the effect that if the defendant was as honest as they claimed, he should have quit handling cars when he sold the one in question, but that he continued to receive and conceal stolen cars, having made his last sale on January 22, 1924; because such statement was not borne out by the record and was prejudicial. The court qualified this bill by stating that the defendant's counsel argued to the jury that the defendant was an honest man, and that the remarks were in reply thereto, and that the evidence brought out by the defendant showed that he had connections with or knowledge of other stolen cars which were recovered on January 22, 1924, on information given by him. Under the explanation of the court to this bill we are of the opinion that there is no error shown.

In bill of exception 11 appellant complains of the action of the court in permitting witness Head to testify that the witness Van Hooser came to his bank and had him to stop the payment of the check, that is, the check given by Van Hooser to the defendant for the car in question, because he contends same involved hearsay acts and declarations. The qualification made by the court to this bill states that the defendant later saw Van Hooser and asked him about stopping payment on the check, and Van Hooser advised him he had done so, and they both went to the bank and talked to the said witness about it, and that he, the court, thought it proper to show payment was stopped on the check, and the defendant did not collect the money. Under this qualification there could possibly be no harm done to the appellant in admitting this testimony under these circumstances.

Complaint is made in bill 13 of the refusal of the court to permit the appellant to show by the witness Reagan that when

there was an effort made to get him, the defendant, out of jail, that he, the defendant, told said witness to make it known to the court that he did not want to be released until this matter was cleared up. We think the court properly sustained the State's objection to the proposed testimony as same could be used only for self-serving purposes, and was therefore inadmissible.

Complaint is made by bill 14 of the action of the court in permitting the county attorney, after the State closed in chief its case, to testify to what is stated "Exhibit 5" and what purports to be a written statement made by the defendant to said county attorney, which the bill states was offered in evidence, the objection being that same was not properly proven up as a voluntary statement by the defendant, came too late, and was introduced not in rebuttal of any testimony of the defendant. This bill is defective in that it does not set out the written statement complained of, and for that reason we are not authorized to consider it. Stroube v. State, 40 Tex. Cr. Rep. 583, 51 S. W. 357. However, we will say in passing, that in the form presented we would have to presume that the court acted correctly; and as to the time of introducing evidence it is left to the discretion of the court, and his actions thereon will not be reviewed by this court in the absence of a showing of an abuse of such discretion. There is nothing in this bill as presented, showing any abuse of discretion of the trial court.

Bill 15 complains of the action of the court in permitting the county attorney to testify what effort had been made by the grand jury to ascertain the facts relative to the taking of the car in question in Dallas County from the owner. We fail to see any error in the admission of this testimony, as the indictment shows the car was stolen by some person to the grand jury unknown, and it was not improper for the State to show what diligence was used in support of said allegation in said indictment.

After careful examination of the entire record, we have reached the conclusion that there is no error shown in the trial of this case, and appellant's motion for a rehearing should be overruled, and it is accordingly so ordered.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.