## WILBER CLAUD COTNER V. STATE

No. 26,918. April 21, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 2nd, 1954

*James E. Anderson* (*Thomas F. Berteau* of counsel), Amarillo, for appellant.

*James L. Hartsfield, Jr.,* County Attorney, *Charles A. Allen,* Assistant County Attorney, Quitman, and *Wesley Dice,* State's Atty., Austin, for the state.

WOODLEY, Judge.

The conviction is for the felony offense of driving while intoxicated as defined in Art. 802b V.A.P.C.; the punishment, two years in the penitentiary.

Two deputy sheriffs testified that appellant was intoxicated at the time they saw him drive his truck on the highway in the vicinity of Trail 80 Cafe, in Wood County, near Mineola. A highway patrolman, who arrived shortly after appellant was taken from the truck, also testified that he was intoxicated.

The indictment contains the allegation: that appellant "in the County of Wood and State of Texas did then and there unlawfully while intoxicated . . . . drive and operate an automobile upon a public highway there situate;" that prior to the commission of the present offense appellant was convicted in Cause No. 1796 in the County Court of Carson County, Texas, styled The State of Texas vs. Wilber Claud Cotner, of the offense of driving an automobile while intoxicated. Also the indictment alleges that said Cause No. 1796 was legally pending in said county court and that said court had jurisdiction of said cause.

The indictment appears to sufficiently charge the felony offense denounced by Art. 802b V.A.P.C. and the court did not err in overruling appellant's motion to quash.

In Allen v. State, 148 Texas Cr. Rep. 606, 190 S.W. 2d 569, cited by appellant, the indictment did not allege that the defendant "did then and there" drive a motor vehicle upon a public highway, nor was the highway upon which he drove while intoxicated referred to as "there situate." Both of these allegations are found in the indictment now before us and suffice to charge that the offense was committed by driving on a public highway in Wood County while intoxicated. Johnson v. State, 81 Texas Cr. Rep. 174, 194 S.W. 2d 771; Baggett v. State, 154 Texas Cr. Rep. 618, 229 S.W. 2d 801; Heath v. State, 156 Texas Cr. Rep. 563, 244 S.W. 2d 815; Webb v. State, 251 S.W. 2d 539.

The complaint, information and judgment in the prior conviction for the misdemeanor offense of driving while intoxicated described in the indictment were offered in evidence as State's Exhibit 1. Appellant testified that he was the defendant who was convicted in said cause.

In view of such testimony it becomes unnecessary for us to consider the claimed fundamental error in regard to the stipulation "by counsel for the state and the defendant" that the Wilber Claud Cotner named in said State's Exhibit is the same person as the defendant in this cause.

There are a number of informal bills. Some complain that testimony was admitted on redirect examination of state witnesses which should have been or was gone into on direct examination of such witnesses.

These bills show no abuse of discretion on the part of the trial court and therefore no reversible error. Art. 643 C.C.P.; Walters v. State, 102 Texas Crim. Rep. 243, 277 S.W. 653.

Other bills complain of the overruling of objections to certain questions propounded by the county attorney as being "immaterial"; "immaterial, irrelevant and not responsive to any issue involved in this cause." We find nothing in these questions or the answers thereto which appears to have been prejudicial to appellant, and none is pointed out in the objection or the brief for appellant.

The same is true as to the complaint that the state's objection was sustained to the question addressed to appellant by his counsel "State to the court how many days a week, if you can with any degree of accuracy, you are able to work." Appellant had testified that he was suffering from asthma and tuberculosis and there is no showing of relevancy or what the appellant would have answered if the objection had not been sustained.

Another complaint found in appellant's brief relates to the action of the trial judge in excusing the deputy sheriffs from the rule.

The record shows no objection to have been offered either when the officers were excused or when they were called to testify and the question was raised first in his motion for new trial.

Appellant cites Wilson v. State, 158 Texas Cr. Rep. 334, 255 S.W. 2d 520, as supporting the contention that the ruling of the court, in the absence of a showing otherwise, was an abuse of discretion, if not fundamental error.

We do not think that the Wilson case is susceptible of such construction and we disclaim any intention of holding that it was incumbent upon the state to show that the trial court did not abuse his discretion in excusing a witness from the rule.

In Perry v. State, No. 26,763, (page 8, this volume) we discussed our holding in the Wilson case rather fully. We there said that whether a witness should be excused from the rule and afterward permitted to testify is within the discretion of the trial judge and his ruling will not be disturbed unless the record discloses abuse of discretion.

The rule is that the burden is on the defendant, by proper bill of exception, to show that the trial court abused his discretion in excusing a witness from the rule and thereafter permitting the witness to testify. Unless appellant had no opportunity

to do so, timely objections to the witness being excused from the rule and to his being permitted to testify are requisite as well as a showing of prejudice or injury to the defendant.

In the absence of timely objection and a showing that the trial court abused his discretion in excusing these officers from the rule, no error is shown.

The evidence sustains the conviction and no reversible error is found.

The jury by their verdict assessed appellant's punishment at two years confinement in the penitentiary. The judgment sets out the verdict but erroneously adjudges appellant's punishment at "not less than one hour nor more than two years." It is now reformed so as to conform to the verdict.

The sentence is for an indeterminate term of not less than one hour nor more than two years. That portion thereof which refers to the punishment adjudged is reformed so as to conform to the judgment as corrected and to the verdict.

As reformed, the judgment is affirmed.