PETE MARTINEZ V. STATE

No. 28.055. February 22, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) April 4, 1956.

*William C. McDonald,* San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the felony offense of driving while intoxicated; the punishment, 45 days in jail.

The state's testimony shows that the appellant was intoxicated while he was driving an automobile upon a public highway at the time and place in question.

Proof was offered of the prior conviction alleged and appellant was identified as the same person named in said previous judgment of conviction.

Appellant did not testify, but called his wife as a witness who testified that he was driving the car at the time and place alleged but that he was not intoxicated.

We find the evidence sufficient to support the conviction.

Appellant contends that the court erred in overruling his motion to quash the indictment on each of the following grounds: (1) that the date of the commission of the offense could not be ascertained from the indictment; (2) that it failed to allege in connection with the prior conviction that the offense therein charged occurred within this state; (3) that said prior conviction was not alleged to be a final conviction; (4) that it failed to allege that the prior conviction was for a misdemeanor thereby inferring that this was his second trial for a felony; and (5) that the allegations of the prior conviction should have been prefaced to show that it was presented by a grand jury.

The indictment here is almost identical with those considered by us in Broughton v. State, 148 Tex. Cr. R. 445, 188 S.W. 2d 393, and Stephens v. State, 161 Tex. Cr. Rep. 407, 277 S.W. 2d 911, which we upheld against the objections there made.

An examination of the instant indictment reveals that it plainly alleges the date of the commission of the primary offense; and the allegations of the prior conviction, when considered as a whole, sufficiently apprise the accused of the date of the prior conviction. Appellant's contention that the essen-

tial dates cannot be ascertained from the indictment is overruled.

Appellant's complaint that the portion of the indictment charging the prior conviction failed to allege that the prior offense was committed within this state cannot be sustained because it is not necessary to allege the prior conviction with the same certainty as if the offense was being originally charged. Broughton v. State, supra; Whiddon v. State, 160 Tex. Cr. R. 23, 266 S.W. 2d 167; Cotner v. State, 160 Tex. Cr. R. 211, 268 S.W. 2d 142.

The averment in the indictment that the appellant had been duly and legally convicted was sufficient to charge the finality of the alleged prior conviction. Hence, appellant's contention that a final conviction was not alleged is overruled. Ellis v. State, 134 Tex. Cr. R. 346, 115 S.W. 2d 660 Broughton v. State, supra; and Whiddon v. State, supra.

The contention that the failure to allege that the prior conviction was for a misdemeanor offense inferred that this was appellant's second trial for a felony is overruled because the indictment alleges that said conviction was had in the county court which had only misdemeanor jurisdiction in criminal cases.

Appellant insists that the indictment is insufficient on the ground that the allegation as to the prior conviction is not prefaced with allegations showing that it was duly presented by a grand jury. This contention cannot be sustained. The indictment follows the provisions of the statute and the acts here charged constitute an independent offense under Art. 802b, Vernon's Ann. P.C., Clifton v. State, 156 Tex. Cr. R. 655, 246 S.W. 2d 201; Stephens v. State, supra.

No error is shown in the overruling of appellant's motion to quash the indictment.

We have carefully considered appellant's exceptions to the court's charge and are of the opinion that they do not reflect error.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.