Melchor Tafoya LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 56827.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 20, 1978.

Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Douglas Gelo, Asst. Dist. Atty., El Paso, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ., and CORNELIUS, Commissioner.

## OPINION

CORNELIUS, Commissioner.

A jury convicted appellant of the offense of delivery of heroin. Punishment, enhanced by prior convictions, was set at confinement for life. The sufficiency of the evidence is not challenged.

According to the State's evidence, Detective Walter Mollier received information from a confidential informer that a person known as Wetto had some heroin for sale. Acting on that information, the officer and the informer went to a location in downtown El Paso in an attempt to locate Wetto. They were unable to find him, but while they were there they noticed the appellant standing on the south side of the curb between Stanton and Kansas Streets. When they saw appellant he motioned for them to come over to him. They did so and inquired of him if he knew where they could find Wetto. The appellant replied that he didn't know why they were looking for Wetto because "he deals for me, the heroin that he is selling is my heroin." Appellant then said, "So why don't you go ahead and buy the heroin from me?" Officer Mollier then made the purchase.

Four grounds of error are urged for a reversal. The first asserts that the trial court erred in overruling appellant's motion to disclose the identity of the State's informer and in refusing to allow appellant's counsel to cross-examine the State's witnesses concerning their arrangements and relationships with the informer.

■ The accused is entitled to a disclosure of the identity of an informer where the informer took a material part in bringing about the offense or was present when it occurred and might be a material witness as to whether or not the accused committed the offense. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Acosta v. State,* 403 S.W.2d 434 (Tex.Cr. App.1966); *Bosley v. State,* 414 S.W.2d 468 (Tex.Cr.App.1967). But the record here reveals that appellant and his counsel knew the informer, and his identity was revealed on several occasions during the trial. Officer Mollier testified that the informer was Fernando Regalado. Previously appellant's counsel had requested that Mr. Regalado be placed under the rule for the exclusion of witnesses in the event he appeared in the court room. There was no indication that appellant could not have produced Mr. Regalado as a witness or that his testimony was for any reason unavailable. In those circumstances, the action of the court in denying appellant's motion was not error. *Stuart v. State,* 456 S.W.2d 129 (Tex.Cr. App.1970).

■ In support of the contention that he should have been allowed to cross-examine the State's witnesses as to the arrangements or relationships they had with the informer, appellant cites numerous cases which enunciate the rule that an accused has the right to explore the nature of any agreement or relationship between the prosecution and a witness who has an incentive for cooperating with the government. See, for example, *United States v. Mayer,* 556 F.2d 245 (5th Cir. 1977). The rule is based upon the right of the accused to test or attack the credibility and the bias or prejudice of a witness against him. But the rule does not apply in this case because the informer was not a witness. As he was not called to testify, his credibility, bias or prejudice was not in issue and the area sought to be explored by appellant's counsel clearly would have been irrelevant. See *United States v. Ramirez,* 533 F.2d 138 (5th Cir. 1976), cert. denied, 429 U.S. 884, 97 S.Ct. 235, 50 L.Ed.2d 165 (1976).

Ground of error number two urges that the trial court should have submitted appellant's requested jury charges on the defense of entrapment and on accomplice testimony.

■ If criminal design originates in the mind of an officer and he induces a person to commit a crime which that person would not otherwise have committed except for such inducement, entrapment exists and may constitute a defense. *Haywood v. State,* 482 S.W.2d 855 (Tex.Cr.App.1972), and cases there cited. However, where the criminal intent originates in the mind of the accused, the fact that the officer furnishes the opportunity for or aids the accused in the commission of the crime affords no defense. *Holdaway v. State,* 505 S.W.2d 262 (Tex.Cr.App.1974); *Haywood v. State,* supra. Appellant contends that his entire defense was entrapment and that the jury should have been charged on the law pertaining to that defense. But a charge on a defensive theory is only required when the evidence raises that issue. And if the accused does not testify, and there is no other evidence raising the defense of entrapment, no charge on that defense is required. *Bonsal v. State,* 502 S.W.2d 813 (Tex.Cr.App. 1973); *Garcia v. State,* 473 S.W.2d 488 (Tex. Cr.App.1971); *Beck v. State,* 172 Tex.Cr.R. 534, 360 S.W.2d 410 (1962). That was the situation here. Appellant did not testify, the arresting officer's testimony did not raise the issue of entrapment, and nothing was elicited on cross-examination which could be construed as raising that issue. Under the circumstances, there was no error in refusing the charge on entrapment.

■ The same applies to the requested charge on accomplice testimony. An undercover agent is not an accomplice so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the crime. *Howery v. State,* 528 S.W.2d 230 (Tex.Cr.App.1975); *Pearce v. State,* 513 S.W.2d 539 (Tex.Cr.App.1974); *Gonzales v. State,* 505 S.W.2d 267 (Tex.Cr. App.1974). There was no evidence here which raised the issue that Officer Mollier, as judged by the foregoing criterion, was an accomplice to the offense. Consequently, a

charge on accomplice testimony was not required.

In ground of error number three appellant argues that it was error to allow, at the punishment stage of the trial, the use of prior convictions for enhancement purposes, because in one of the convictions he was not represented by an attorney and because one of the conviction records revealed extraneous offenses on appellant's part.

Regarding the first argument, the only evidence that appellant was not represented by an attorney at one of the previous convictions was his testimony at the punishment stage of the trial that he did not know whether he had an attorney or not. The judgment of conviction, however, recites that appellant appeared in person and with his counsel, waived the right to a jury trial, and pleaded guilty. Appellant's testimony, standing alone, is insufficient to disprove the recitations in the judgment. *White v. State,* 517 S.W.2d 543 (Tex.Cr.App. 1974); *Martinez v. State,* 504 S.W.2d 897 (Tex.Cr.App.1974); *Reeves v. State,* 500 S.W.2d 648 (Tex.Cr.App.1973).

The allegation that extraneous offenses were improperly shown relates to a judgment of the U.S. District Court for the Western District of Texas. The judgment, which was properly authenticated, revealed that appellant had been convicted of the offense of importing and concealing narcotic drugs in violation of Section 174, Title 21 of the U.S. Code. In addition, it contained a recitation that appellant "has admitted the charges contained in a supplemental information that he was previously convicted on four separate counts of a violation of federal narcotic or marihuana laws."

In proving prior convictions for enhancement purposes as authorized by Tex. Code Crim.Proc. art. 37.07, the State may not show the details of the offenses leading to such convictions and may not show extraneous offenses other than final convictions. *Lege v. State,* 501 S.W.2d 880 (Tex. Cr.App.1973); *Mullins v. State,* 492 S.W.2d 277 (Tex.Cr.App.1973). Appellant argues that the recitation in the federal court judgment improperly revealed extraneous offenses on his part which were other than final convictions. We do not agree. The judgment was properly authenticated and proven. As such it was presumed to be regular and to speak the truth. The recitation specifically referred to the fact that appellant was "previously convicted" of four counts of narcotics violations. A conviction means a final conviction. A recitation or allegation that a person was "convicted" of an offense has been held sufficient to show the finality of the conviction. See *Martinez v. State,* 163 Tex.Cr.R. 10, 288 S.W.2d 71 (1956); *Ellis v. State,* 134 Tex. Cr.R. 346, 115 S.W.2d 660 (1938); *Broughton v. State,* 148 Tex.Cr.R. 445, 188 S.W.2d 393 (1945); *Scott v. State,* 553 S.W.2d 361 (Tex.Cr.App.1977). As the offenses were shown to be final convictions, there was no error in allowing proof of them. Compare *Rios v. State,* 557 S.W.2d 87 (Tex.Cr.App. 1977).

Finally, it is asserted that reversible error was committed when two of the State's witnesses were allowed to testify that appellant's reputation as a peaceful and law abiding citizen was bad. It is contended that the witnesses were not qualified to so testify because on cross-examination by appellant's counsel they were unable to give names of specific individuals with whom they had discussed appellant's reputation or specific conversations regarding his reputation. The witnesses did, however, testify that their opinions were based on general discussions they had with numerous persons concerning appellant and his reputation for being a peaceful and law abiding citizen.

There was no error in allowing the testimony. Although a witness may not testify that an accused's reputation is bad if he has never heard anyone make adverse comments about it, it is not necessary that the witness be able to name the specific persons who have made such comments. *Jacks v. State,* 167 Tex.Cr.R. 1, 317 S.W.2d 731 (1958).

All of appellant's grounds of error have been carefully considered and are overruled.

The judgment is affirmed.