**In the Matter of J.A.F.R., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–87–00194–CV.**

Court of Appeals of Texas,
El Paso.

June 15, 1988.

Christine Pacheco, El Paso, for appellant.

Joe Lucas, Co. Atty., El Paso, for appellee.

Before OSBORN, C.J., and
SCHULTE and FULLER, JJ.

OPINION

SCHULTE, Justice.

This is a juvenile adjudication case. J.A.F.R., fourteen years of age, was charged by petition with the offense of prostitution under Tex.Penal Code Ann. sec. 43.02 (Vernon Supp.1988). The court ordered Appellant committed to the Texas Youth Commission. Execution of the sentence was suspended and the child, a Mexican citizen, was returned to Mexico. We affirm.

Appellant was committed on the testimony of El Paso Police Detective Rick Limas, who was working undercover downtown. Officer Limas testified that at approximately 10:00 p.m. on June 2, 1987, he was driving an unmarked car eastbound on Main Street. He saw Appellant walking southbound. Appellant was staring and began smiling at Officer Limas. Limas nodded his head in response and Appellant continued to smile. Limas pulled his car over and began talking to Appellant. Limas asked Appellant if he was working, to which Appellant replied "yes" and got in Limas's car. Once Appellant was inside the car, Limas asked if Appellant wanted to engage in an act of fellatio. Appellant said "yes" and asked how much Limas would pay him. Limas replied, "$10.00."

Points of Error Nos. One and Two assert conflicts between Tex.Penal Code Ann. sec. 43.06 (Vernon 1974) and Tex.Fam.Code Ann. sec. 54.03(e) (Vernon 1986). Section

43.06 allows conviction on uncorroborated testimony of a party to the offense. Section 54.03(e) requires corroboration of an accomplice's testimony, providing as follows in part:

An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon a testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision;

. . . .

■ An undercover agent is not an accomplice so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in crime. *Lopez v. State,* 574 S.W.2d 563, 565 (Tex.Crim.App.1978). One is not an accomplice if he cannot be prosecuted for the offense charged. *Carrillo v. State,* 591 S.W.2d 876, 882 (Tex.Crim.App.1979).

■ Section 54.03(e) requires corroboration of *accomplice* testimony. Officer Limas was not an accomplice and the statute does not apply. Tex.Penal Code Ann. sec. 43.06 is the controlling statute. The trial court properly adjudicated delinquent conduct under Tex.Penal Code Ann. sec. 43.06. Points of Error Nos. One and Two are overruled.

The judgment is affirmed.