No. 3001.

## W. E. BROWN v. THE STATE.

PLEADING—INDICTMENT—UNLAWFULLY ACTING AS INSURANCE AGENT. —It is an established rule of criminal pleading that the facts which constitute the offense must be directly and explicitly averred; that inference and intendment can not be indulged in testing the sufficiency of an indictment or information, and that the indictment or information must allege everything that is necessary to be proved. To be sufficient to charge the offense of unlawfully acting as an insurance agent as that offense is defined by the act of July 9, 1879, indictment or information must allege that the company for which the accused acted as agent was an insurance company.

APPEAL from the County Court of Smith. Tried below before the Hon. B. B. Beaird, County Judge.

The conviction in this case was for unlawfully acting as an insurance agent, and the penalty assessed against the appellant was a fine of eight hundred and seven dollars.

The material allegations of the information are set out in the opinion.

*John M. Duncan,* for the appellant: The information failing to allege that the company for which the appellant acted as agent was an insurance company, it was fatally defective; and the trial court erred in overruling the motion in arrest of judgment based upon such defect.

*W. L. Davidson,* Assistant Attorney General, for the State: This indictment is assailed because it does not allege that defendant's employing company, the Kentucky Mutual Security Fund Company of Louisville, Kentucky, was an insurance company.

1. The information does sufficiently so allege, if it be at all necessary to make such allegation.

2. It is not necessary in this case to allege that said company was an insurance company. It was immaterial whether it was an insurance company or not. The Penal Code, article 387, provides that "if any person shall transact the business of life, fire, or marine insurance in this State. either as agent, solicitor or broker, without he, or the company or association he represents, first obtaining a certificate of authority therefor from the commissioner of insurance, statistics and history, he shall be punished," etc. There are two conditions in this article which are noticeable: 1. If any person shall transact the business of life insurance, he shall be punished, etc. 2. In order to avoid this punishment, a certificate must be had from the commissioner of insurance, etc. Now, if defendant transacted the business of life insurance, as charged, in Smith county, Texas, without he or his company, if a company, having obtained the necessary license, he is guilty.

It would be immaterial whether defendant's company was or was not an insurance company, because in either event he is prohibited from transacting life insurance business in Texas until he has complied with our statutory laws governing that business and its transaction. This is evidently correct, because our insurance laws are enacted to protect our citizens from imposition by irresponsible insurance companies, or individuals, and to require parties who enter Texas as insurers to give necessary guarantees of honesty and fidelity in their contracts, and ability to perform the same, as well as to contribute by the levied taxation to support our government, and to control said companies or business, and pay the legitimate expenses connected therewith.

If it was required that the company should be an organized insurance company before its agents, or assumed agents, could be punished, that requirement would defeat the very end and object of the law and its intended results. Such a construction or interpretation of the statutes would defeat the legislative intent and flood the State with totally unreliable and irresponsible insurance agents, and "wild cat" companies that could not be controlled by our laws, and would not be subject thereto, because either actually not insurance companies, or because they had purposely failed to complete their organization and perform the necessary things so as to be amenable to our laws; and thus by failing to do the very thing our laws require of them they would avoid responsibility and liability. In that event no company but a completely organized company, and its agents, could be held responsible, and that only because it had failed to do some act required by statute.

Certainly it can not be held that because a company failed to organize under our law, or failed to comply with it in the various particulars, and was not a real insurance company, or that some individual was illegally soliciting insurance without being an organized company, or complying with the law, and totally irresponsible, would escape punishment because of that fact, and because he was not, or they were not, fully in compliance with the law, and had not undertaken to comply with it, and yet ply their trade and carry on their calling. If so, then such parties could solicit trade and transact business, because they were not duly and legally organized, and without the certificate or taxation; whereas, the properly and legally constituted insurance companies could not follow their business unless they had the necessary certificate. Therefore, I say that if a party transacts the business of life insurance in this State, without the proper certificate, he is guilty, and it is immaterial whether he is himself the company or is the agent of the company, or whether there is any company at all; and all that is necessary to allege is that he was transacting this business as agent, or for himself, as the case may be, without the necessary certificate.

It is immaterial whether he represents an insurance company or not, so he transacts the life insurance business without the certificate. The allegation that he represents an insurance company, and that said company was an insurance company, would be an unnecessary allegation, and, if alleged, would

impose upon the State, perhaps, the necessity of proving the same, and certainly it would do so unless it should be held to be surplusage.    Article 388b of the Penal Code relates to the agent entirely, and is made to depend upon the requirements of the previous articles, and other laws of this State as therein provided, and does not alter the foregoing reasons as given.    Therefore I submit that the information is amply sufficient, and that the law does not require that the allegation that the Kentucky Mutual Security Fund Company of Louisville, Kentucky, was then and there a life insurance company, should be set out and made in the information.

Investigation of the cited articles will show that the Legislature intended to reach those parties doing business in this State as life, fire or marine insurers, unless they procured the certificate required.    It was, and is, not intended therein that the parties, as agents, should represent actual, existing insurance companies, and prohibit these only; but it was to inhibit the transaction of the life insurance business in this State unless the certificate of the proper officer was obtained.

WILLSON, JUDGE.    In the information it is charged that, "on or about the first day of January, A. D. 1888, in the county of Smith and State of Texas, one W. E. Brown did then and there solicit insurance on behalf of the Kentucky Mutual Security Fund Company, of Louisville, Kentucky; and did then and there take and transmit for H. P. Smith an application for insurance to said company; and did then and there deliver to said H. P. Smith a policy of insurance from said company; and did then and there receive and collect from said H. P. Smith the premium upon said policy; and that the said W. E. Brown was not then and there a citizen of this State who arbitrated in the adjustment of losses between the insurers and the assured, nor to the adjustment of particular and general average losses of vessels and cargoes by marine adjusters who had paid an occupation tax of two hundred dollars for the year in which the adjustment was made; and the said W. E. Brown was not then and there a practicing attorney at law in the State of Texas, acting in the regular transaction of his business as such attorney at law, and who was not a local agent and acting as adjuster for any insurance company; and that said company had not complied with the requirements of the laws of the State of Texas, and had not received a certificate of authority from

the Commissioner of Insurance, Statistics and History of the State of Texas, as required by law."

It is evident that the information was drawn under the Act of July 9, 1879, defining who are insurance agents, and prescribing punishment for acting as such agents unlawfully (Willson's Crim. Stat., secs. 642, 643), and it is for the offense denounced by that act that the defendant was convicted.

A motion in arrest of judgment was made by the defendant, and was overruled by the court. The special ground of the motion in arrest is that the information is insufficient, because it does not aver that the "Kentucky Mutual Security Fund Company," of which the defendant is charged as acting as agent, was then and there an *insurance company*.

There is no express averment in the information that said company was an insurance company. Is such averment essential? We are of the opinion that it is in an information or indictment framed under the act referred to. Under that act it is not an offense to act as agent for any other than an *insurance* company. A careful reading of the act will make manifest the correctness of this conclusion. If this prosecution was under the act of 1875 (Penal Code, art. 387), it might not be necessary to allege more than that the defendant did transact the business of life, fire or marine insurance in this State as agent, stating the acts which he performed, and the name of the company for which he acted. But that article and the statute under which this conviction was had are materially different, and can not be construed as one statute. They prescribe different penalties and different elements, and can not be regarded as embracing but one and the same offense.

In all other particulars than the one mentioned, the information is sufficient. (Smith v. The State, 18 Texas Ct. App., 69.) And it would perhaps be sufficient in this particular if we could be permitted to indulge in inference. From the statements in the information, it might be inferred that the company named was an insurance company. But inferences and intendments can not be indulged in testing the sufficiency of an indictment or information. The facts which constitute the offense must be directly and explicitly averred, and the rule is imperative and not to be disregarded. Every thing should be stated in an indictment or information which it is necessary to prove. (Code Crim. Proc., art. 421.) In a prosecution for this offense it would certainly be necessary to prove that the defend-

ant acted as agent for an insurance company, and yet it is not alleged that he did so act for an insurance company, but merely that he acted for the Kentucky Mutual Security Fund Company, which may or may not have been an insurance company. (Kerry v. The State, 17 Texas Ct. App., 178; Pierce v. The State, Id., 232.)

Because, in our opinion, the information and the complaint upon which the same is based are substantially defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*