## O. A. EYLAR v. THE STATE.

*No. 814. Decided March 3rd, 1897.*

1. **Renting a House to be Used for Gaming—Indictment—Allegation of Venue of the Offense.**

Where an indictment alleges, that defendant, in the County of N., did rent a house and rooms to R. for gaming purposes. Held: The indictment was fatally defective in failing to allege the venue; that is, that the house rented was in N. County where the prosecution was instituted. If defendant made a rental contract as alleged in N. County, and the house was situated in another county, the venue of the prosecution would be in the county where the house was situated, and not in the county where the contract was made.

2. **Same.**

An indictment for unlawfully renting a house to be used for gaming purposes, is wholly insufficient where it does not show on the face, that the alleged games were in violation of, and that it does not allege that the house is one in which, by statute, gaming is expressly inhibited: nor, where the games played were with dice or dominoes, that the house was not a private residence; nor, that the gaming bank or table was kept or exhibited for gaming purposes.

APPEAL from the County Court of Navarro. Tried below before Hon. M. L. SHELTON, County Judge.

Appeal from a conviction for renting a house to be used for gaming; penalty, a fine of $75.

The charging part of the indictment is set out in the opinion. Defendant made a motion to quash, which was overruled.

*Simkins & Mays*, for appellant.—The court erred in refusing to quash the indictment; (a), because said indictment fails to describe the house or rooms, nor does it charge that the defendant, O. A. Eylar, was the owner thereof; (b), because it does not allege that the house or rooms were situated in Navarro County or anywhere else, but simply alleges that the contract of rental was made in Navarro County; and (c), because said indictment fails to charge any offense as to the playing of cards, it not being alleged that said playing was at a public place, nor as to dice and dominoes, it not being alleged that such games were bet upon, and fails to negative the fact that such games were bet upon at a private residence, nor as to the other banking games therein charged because it does not allege that such games were kept and exhibited for the purpose of gaming.

To legally charge the offense of ''renting a house or rooms thereof to another for the purpose of being used as a place for gaming," it must affirmatively appear from the allegations of the indictment, that the

87th Tex. Crim. Rep.—17.

games, for the purpose of playing which the premises were rented, are such as are prohibited by Chapter 3, Title II, of the Penal Code, and must also describe the house as to location, and either that the defendant is the owner, or has control of the same. Penal Code, Articles 366, 355, 358 and 364; Wallace v. State, 12 Tex. Crim. App., 479; Tummins v. State, 18 Tex. Crim. App., 13; Borders v. State, 24 Tex. Crim. App., 333; Borches v. State, 31 Tex. Crim. Rep., 517; Campbell v. State, 2 Tex. Crim. App., 187; Parker v. State, 13 Tex. Crim. App., 213.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of a misdemeanor, and his punishment assessed at a fine of $75, and he prosecutes this appeal. He insists that the indictment in this case is insufficient upon which to predicate a conviction, and that his motion to quash ought to have been sustained. The indictment, as to the charging part, is as follows: "That O. A. Eylar, on or about the 29th day of March, 1895, and anterior to the presentment of this indictment, in the county of Navarro and State of Texas, did then and there unlawfully rent to J. H. Rogers a house and rooms thereof for the purpose of being used as a place for playing games with cards, dice, and dominoes, and dealing and exhibiting faro, monte, vingtetun, rouge et noir, roulette, A. B. C., chuck-a-luck, keno, pool, rondo, and other games inhibited by law," etc. In the first place, it is contended that this indictment fails to charge the venue of the offense. By reference to the allegation of venue, it will be seen that there is no question that the rental contract was made in Navarro County, but, as we understand it, this is not the offense inhibited by the statute. The house rented must be situated in the county where the prosecution is instituted. If appellant made a rental contract for such a house in Navarro County, and the house was situated in another county of this State, the venue of the case would be in the county where the house was situated, not in the county where the contract was made. We are of opinion that the indictment should have alleged that the house rented was in the county where the prosecution was instituted. We are not attempting to prescribe a form for the indictment. If it sufficiently appears from the indictment that the house is situated in the county where the prosecution is commenced, so far as this question is concerned it would be sufficient. The indictment in this case does not show this. The allegation of venue ought to appear as a distinct averment, and there should be no question about this. We do not believe that the allegation that the rental contract is alleged to have occurred in Navarro County is sufficient to show that the house was situated in that county. In our opinion, the indictment does not sufficiently charge the venue of this offense. It is also insisted that the indictment is defective, because it does not show on its face that the alleged games were in violation of the statutory law of this State. As to

the allegation that said house was rented for the purpose of being used as a place for playing games with cards, it is not shown in that connection that said house was any one of the houses inhibited by the statute for playing at games with cards, and the same can be said as to the dice and dominoes. And furthermore, as to these two latter games, it is not averred that said house was not a private residence. With reference to dealing and exhibiting banking and table games, said charge in the indictment does not allege that they were so kept, dealt, or exhibited for the purpose of gaming. This is an indictment for renting a house for the purpose of playing certain games prohibited by the statute, and enough must be charged in connection with the game alleged to show that said game was an unlawful game. In this indictment none of the games stated are shown by allegation to be unlawful. See, Wallace v. State, 12 Tex. Crim. App., 479; Tummins v. State, 18 Tex. Crim. App., 13; Bacchus v. State, 18 Tex. Crim. App., 15; Borders v. State, 24 Tex. Crim. App., 333. There are other assignments of error in the record, but, in the view we have taken of the assignments as to the validity of the indictment, it is not necessary to discuss them. Because the indictment is insufficient, the motion to quash the same should have been sustained, and the judgment of the lower court is accordingly reversed, and the cause ordered dismissed.

*Reversed and Ordered Dismissed.*