DR. W. A. WEST v. THE STATE.

No. 701. Decided May 17, 1899.

**Local Option—Physician's Prescription—Information.**

An information brought under provisions of article 405, Penal Code, against a physician for giving a prescription in violation of local option, should, if defendant is a physician, allege affirmatively, and not inferentially, that he was a regular "practicing physician," and as such gave a prescription to a party who was not actually sick and without a personal examination. If the prosecution is against a party who is not but is only personating a physician in giving the prescription, then the information should allege that accused was not in fact "a regular practicing physician."

APPEAL from the County Court of Brown. Tried below before Hon. CHARLES ROGAN, County Judge.

Appeal from a conviction for giving a physician's prescription in violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The charging part of the information is set out in the opinion. Defendant's motion to quash was based upon the ground that the information charges no offense.

*Jenkins & McCartney,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by information with giving a prescription in violation of the local option law. Omitting prior allegations, the information charges that appellant "did then and there unlawfully and willfully, as a regular practicing physician, give to one John Baugh a prescription for the purpose of enabling the applicant, the said John Baugh, to purchase intoxicating liquors,

without personally examining the said John Baugh and finding him actually sick and in need of said intoxicating liquor and stimulant prescribed as a medicine, when in truth and in fact the said John Baugh was not sick and in need of said intoxicating liquor and stimulant as a medicine," etc. Motion was made to quash the information. We believe the motion should have been sustained. By the provision of article 405, Penal Code, punishment is denounced against any person, not a regular practicing physician, who shall give a prescription to be used in obtaining any intoxicating liquor in any county, etc., where the local option law is in force, and against any practicing physician who is, directly or indirectly, either for himself or as agent or employe of another, interested in the sale of such intoxicating liquors, who shall give a prescription for the purchase of the same in said local option territory, and against any physician who shall give a prescription, to be used in obtaining any such intoxicating liquors in such territory, to a party who is not actually sick, and without a personal examination of such person. By the terms of this article, any person who shall pretend to be a physician, and give a prescription as a physician, when in fact he is not a regular practicing physician, is liable to punishment. Punishment is also denounced against any physician who shall give such prescription to a party who is not actually sick, and without a personal examination of such person. So, it would seem the punishment would apply to anyone who is not a physician, and who should give the prescription, whether the party be sick or not. In other words, no one, except a physician, shall be authorized to give such prescription in any event. If the Legislature has power to denounce this punishment, then the indictment must charge the facts which constitute the offense. It is a familiar rule of pleading that the constituent elements of the offense must be alleged distinctly and affirmatively, and must not be left to be deduced by argument or inference, and must not state mere conclusions. Now, looking upon the face of this information, it will be seen that there is no allegation which alleges that Dr. West was "a regular practicing physician," or a physician at all. It is true that it alleges, "as a regular practicing physician," he gave a prescription to a party who was not sick, and without a personal examination, but this does not charge the fact that he was a physician. The information is framed under that particular portion of the statute which denounces a punishment against a physician for giving a prescription to a party who is not actually sick, without making a personal examination of such person, and not under that which prohibits any but a regular practicing physician from giving same. Every word stated in the information may be true, and yet appellant could not be convicted under such allegation. If he was a physician, and as such gave the prescription to a party who was not actually sick, and without a personal examination, these facts must be stated affirmatively, and not by way of inference or argument. If he was personating a doctor, and was not in fact one, he should be charged under

the first phase of this statute, which denounces a punishment against a party giving such prescription when he is not in fact "a regular practicing physician." Because the information does not sufficiently charge the offense, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*