### Dr. WILLIAM McQUERRY v. THE STATE.

No. 845. Decided May 17, 1899.

**1. Local Option—Physician's Prescription.**

On a trial for giving a physician's prescription in violation of local option, where the allegation was that the prescription was given without "personally examining" the party to whom it was given, it was essential to prove this allegation in order to sustain the conviction. See evidence held insufficient.

**2. Same—Information or Indictment.**

An information or indictment brought against a physician for giving a prescription in violation of local option, to be sufficient, must specifically allege that he was a physician in fact. It is not sufficient to allege that "as a regular physician" he gave the prescription. Overruling West v. State, 35 Texas Criminal Reports, 48, upon this point.

APPEAL from the County Court of Brown. Tried below before Hon. CHARLES ROGAN, County Judge.

Appeal from a conviction for giving a physician's prescription in violation of local option; penalty, a fine of $25 and twenty days confinement in the county jail.

No statement necessary. The charging part of the indictment is set out in the opinion.

No brief for appellant has come to the hands of the Reporter.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of giving a prescription in a local option precinct, in violation of the statute. Omitting the formal parts, the charging part of the indictment is as follows: "Did then and there unlawfully and willfully, as a regular practicing physician, give to one Walter Caldwell a prescription for the purpose of enabling the applicant, the said Walter Caldwell, to purchase intoxicating liquor, without personally examining the said Walter Caldwell, and finding the said Walter Caldwell sick and in need of such intoxicating liquor and stimulant prescribed as a medicine, when in fact and in truth the said Walter Caldwell was not sick and in need of said intoxicating liquor and stimulant as a medicine at the time he gave said prescription, and did then and there, giving said prescription to the said Walter Caldwell, enable the said Walter Caldwell to purchase intoxicating liquor and stimulant, in the subdivision of said county and State as hereinafter described," etc. It will be observed that this indictment charges that appellant gave the prescription "without personally examining Walter Caldwell," and finding him actually sick, etc. Caldwell testified for the State that appellant did make a personal examination of him, and he further testified to facts indicating that he was sick. It is a familiar rule that the material allegations of an indictment must be proved as alleged. It being alleged that appellant gave the prescription without a personal examination, it was necessary to prove that fact in order to meet the allegation. If this indictment is a valid and sufficient one, then it was necessary to prove that appellant gave the prescription without a personal examination of Caldwell. The testimony does not support the allegation. It is alleged that appellant, "as a regular practicing physician," gave the prescription. This is not a sufficient allegation that appellant was "a regular practicing physician" or was a physician at all. It is indirect and inferential, and if appellant was a physician, and gave the prescription as such, it should have been so alleged. In the first clause of the statute, any but a regular physician is prohibited from giving a prescription; and the second clause denounces and punishes "any" physician who gives a prescription, being interested in the sale of the intoxicant. The third clause denounces a punishment against "any" physician who gives a prescription to anyone who is not actually sick, and without making a personal examination. In the case of West v. State, 35 Texas Criminal Reports, 48, a similar indictment in this respect was held good; but an inspection of that shows that these questions were not discussed, and if that case intended to hold that the expression, "as a regular physician," was sufficient to charge that the party giving the prescription was a physician in fact, we are of opinion that it was error. West v. State (just decided), post, p. 575. Because the indictment is insufficient, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*