## B. B. GOLDMAN V. THE STATE.

No. 21926. Delivered April 1, 1942.

The opinion states the case.

*W. C. Dowdy,* of McKinney, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted on complaint and information which alleged that he did, on March 18, 1941, prescribe whisky for Ralph Rash for other than medicinal purposes. The fine assessed was $200.00.

A timely motion to quash the State's pleading was presented predicated on the contention that it was not alleged that appellant was a physician. The averment was:
" * * * B. B. Goldman, a physician, licensed to practice medicine in this State, * * *." To support his contention appellant

cites West v. State, 51 S. W. 247. There it was averred that accused " *as* a regular practicing physician" gave a prescription, etc. The pleading was held defective because there was no allegation that accused was a physician. It could very reasonably be argued that one not a physician could act *"as"* such a one in giving a prescription. We think the averment in the present case is not subject to such criticism. The allegation that appellant "a physician" gave a prescription, etc., is equivalent to saying that appellant "is a physician."

Appellant also attacks the complaint and information because there is no allegation that Collin County was "dry area." It seems that appellant is under the impression that it is not against the law for a physician to give a prescription for whisky in "wet area," even though it be for other than medicinal purposes. It must be borne in mind that much of the Texas Liquor Control Act deals with the sale, etc., of liquor in "wet area." By the terms of said law Retail Pharmacist may be granted medicinal permits to sell liquor in both dry and wet area, the fee for such permit in dry area being $50.00, but in wet area the fee is the same as for a package store permit. A person holding a medicinal permit can sell only on a physician's prescription whether it be in wet or dry territory. Art. 666, Sec. 15, subdivision 18. In the same article, section and subdivision it is provided that "It shall be unlawful for any physician to prescribe liquor for any person * * * for any other than medicinal purposes." We find nothing in the statute (The Texas Liquor Control Act) limiting the forbiddance quoted to "dry area." Hence, it was unnecessary to allege that appellant's act occurred in such territory.

The evidence shows that Mr. Rash was an Inspector for the Liquor Control Board on March 18, 1941. He obtained a prescription for one-half pint of whisky from appellant on said date. The directions on the bottle were for two teaspoonfulls every four hours. Rash had obtained a prescription from appellant for a like amount, with the same directions, on March 12, and also on March 14. If directions had been followed the half pint obtained on the 12th would have lasted five days, but two days later another half pint was secured on prescription. Appellant was paid fifteen cents for each prescription.

Appellant testified that the whisky was prescribed for medicinal purposes. The evidence of Rash was such as to the

circumstances under which the prescriptions were given as to support the verdict returned by the jury.

Appellant reserved exceptions to the court permitting proof of the fact that Rash had secured from appellant the two prescriptions previous to the one obtained on March 18, upon which the prosecution was predicated. Appellant's objection was based on the claim that the evidence regarding the two previous prescriptions served no purpose other than to probably show other violations of the law by appellant. The trial court properly instructed the jury that they should not consider the evidence as to the transactions on March 12 and 14 for any purpose other than in connection with passing upon the intent of appellant at the time he issued the prescription on March 18.

Proof of extraneous crimes should never be admitted in evidence unless they cleary fall within one of the exceptions to the rule which excludes such evidence generally. One of the exceptions is operative under the facts of the present case. The purpose or intent with which appellant gave the prescription on March 18 was a material issue. He is found dealing in a similar manner with the same person on two other recent dates under circumstances which threw light on the intent with which appellant acted on the 18th. Many authorities are cited under Sec. 166, Branch's Ann. Tex. P. C., and also under Sec. 35, page 67, 18th Tex. Jur., and cases cited thereunder. See also Weatherford v. State, 103 S. W. 632.

The court's instructions to the jury appear to have properly covered the case. Appellant lodged many objections to the charge and requested special charges regarding the matters which were the subject of his objections. It would extend this opinion beyond pardonable limits to discuss each question thus raised. The material matters were embraced in the court's instructions. Some of the special charges requested were on the weight of the evidence and were properly refused as were others not embracing sound principles of law.

Finding no errors demanding a reversal, the judgment is affirmed.