HOWARD JONES STEINMAN V. STATE.

No. 24317. March 30, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction in the county court of Archer County for the offense of driving a motor vehicle while intoxicated. We could hardly state the case more briefly than state's attorney has in the following language.

"The prosecution was begun in the County Court and prosecuted only upon a complaint, no information having been filed.

"There are no bills of exceptions brought forward, and the statement of facts is found in the transcript, in violation of the provisions of Section 2, Article 760, Code of Criminal Pro-

cedure, and therefore may not be considered by this Court. This Court has consistently held that the County Court is without jurisdiction to try a misdemeanor case in the absence of an information where the prosecution originated in the County Court. Article 29, Code of Criminal Procedure; Pope v. State, 26 S. W. (2d) 635; Day v. State, 74 S. W. (2d) 699; Kneedler v. State, 99 S. W. (2d) 605.

"The complaint upon which this prosecution is based reads in part as follows: 'do solemnly swear that I have reason and do believe that heretofore, to-wit: on or about the 13th day of November, 1948, and prior to the filing of this complaint in the County of Archer and State of Texas, Howard Jones Steinman did then and there unlawfully drive and operate a motor vehicle, to-wit: an automobile, upon a public highway, to-wit: State Highway No. 25, while he, the said Howard Jones Steinman, was then and there under the influence of intoxicating liquor.'

"Section 2 of Article 222 of the Code of Criminal Procedure sets out as one of the requisites of the complaint that the affiant must state, either directly or indirectly 'that the affiant has good reason to believe, and does believe, that the accused has committed such offense.' It will be noted that the complaint in this case contains the language 'that I have reason and do believe,' etc. We are inclined to seriously question the wording last-above quoted found in said complaint, and yet we are mindful that the Court, in Dodson v. State, 34 S. W. 754, held that omitting the word 'good' preceding 'reason' does not vitiate the complaint; and also many cases are cited under Note 11 of Article 222 of the Code of Criminal Procedure which in effect hold that the complaint must state affirmatively and positively that the accused committed the offense or that affiant had good reason to believe and did believe he committed such offense; and it is not sufficient to allege merely good reason to believe; and,

"From a careful examination of the complaint in the instant case we are unable to conclude that there is any direct averment that the alleged driving was in Archer County, Texas, or that State Highway No. 25 was in Archer County, Texas."

We see little excuse for procedure of this kind in any court when the statutory provisions are mandatory and plainly written. Apparently no one took the trouble to see what the provisions of the law are.

The judgment of the trial court is reversed and the prosecution ordered dismissed.