THELMA HEATH V. STATE

No. 25493. November 28, 1951.
Rehearing Denied January 9, 1952.

Hon. E. Harold Beck, Judge Presiding.

*Robert F. Salmon,* Linden, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder without malice under the terms of Article 802c, Penal Code; the punishment, four years.

An automobile in which deceased was riding was involved in a head-on collision with a pick-up truck driven by appellant on appellant's left-hand side of the highway. The only issue was whether appellant was intoxicated. The state, by competent evidence, amply established the fact that appellant was intoxicated at the time of the collision. Appellant testified, repudiating a

voluntary statement introduced in evidence and in which he recounted the intoxicants he had consumed on the day in question, denied that he had been drinking on the day in question, stated that he had been blinded by the lights of the car with which he collided, and that he did not know his position on the highway at the time of the accident.

The bills of exception will be grouped for consideration.

Bill of Exception 1, 3, 4 and 5 relate to the sufficiency of the indictment, the complaint being that the same does not charge the county in which the offense was committed.

The indictment alleges, the formal parts being omitted, that the appellant "on or about the 12th day of January A. D. 1951 and anterior the presentment of this Indictment in the County of Cass and State of Texas, did then and there unlawfully while intoxicated, and while under the influence of intoxicating liquor, drive and operate a motor vehicle, to-wit, a pick-up truck, upon a public highway of this state, and did then and there, in the execution of said unlawful act, through mistake and accident, kill . . . ."

We hold this to be a sufficient allegation that the offense was committed in Cass County, Texas, and therefore find no error reflected by these bills. Baggett v. State, 154 Ter. Cr. R. 618, 229 S. W. (2d) 801.

Bill of Exception No. 2 complains of the testimony of the witness Sanders concerning the taking of a blood specimen from appellant. The objection is that no statutory warning had been given. We recently held in Brown v. State, (Page 144 of this volume), 240 S. W. (2d) 310, that the confession statute had no application to the obtaining of consent to the taking of a blood specimen for analysis, the result of such test being admissible for the accused as well as for the state.

Bill of Exception No. 6 complains of the failure of the trial court to grant a mistrial because of voluntary statements made by the witness Brooks. The bill does not show what the statements were, but merely describes the same as highly prejudicial to the appellant. Such a bill presents nothing for review. "The bill must set out the testimony claimed to have been improperly admitted, or show what it was." 4 Tex. Juris., Sec. 211, p. 303.

The bill further shows that the trial court had withdrawn

the voluntary remarks, whatever they had been, from the consideration of the jury and had instructed them not to consider the same.

Absent a showing in the bill of the statements complained of, we must assume that the trial court's instruction effectively cured the error, if any.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

In his motion for rehearing, supported by argument of able counsel, it is urged that we were in error in upholding the indictment as sufficiently charging the offense to have been committed in Cass County. Appellant relies upon Allen v. State, 148 Tex. Cr. R. 606, 190 SW(2) 569, and Steinman v. State, 153 Tex. Cr. R. 198, 220 SW (2d) 887, as upholding his contention.

In Allen v. State, supra, it was held that the information sufficiently alleged that Allen was intoxicated in Dallas County, but failed to allege that the "drunk driving was done in Dallas County." As pointed out by Judge Graves, it was not alleged that the accused "then and there" drove the car.

In Steinman v. State, supra, there was no information filed and the complaint was held insufficient because it failed to allege that affiant had good reason to believe and did believe that the accused committed the offense. What was said regarding the averment as to where the offense was committed was quoted from the state's brief and was not necessary to a decision as to the sufficiency of the complaint.

We remain convinced that our holding in Baggett v. State, 154 Tex. Cr. R. 618, 229 SW(2) 801, and Johnson v. State, 149 Tex. Cr. R. 380, 194 SW(2) 771, wherein similar indictments were held sufficient, is correct. Insofar as it may hold to the contrary, the Steinman case, supra, is overruled.

Opinion approved by the court.