BYRAN F. SANDEL V. STATE.

No. 25,934. October 8, 1952.
Rehearing Denied December 17, 1952.

*Harry W. Fientge,* and *H. S. Beard,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for murder, under Art. 802(c) Vernon's Ann. P.C.; the punishment four years in the penitentiary.

The accident occurred on Highway 190 in Coryell County, in Fort Hood area. Appellant filed a plea to the jurisdiction of the court, alleging that the offense charged occurred on the military reservation and cantonment known as Fort Hood, which was owned by the United States Government and as to which land Governor Allan Shivers, acting for the State of Texas, had ceded to the United States exclusive jurisdiction so long as it remains the property of the United States.

Art. 5247 R.C.S. authorizes such action by the Governor, and it has been held that the state court is without jurisdiction of crime committed on lands so ceded, notwithstanding the reservation, as required by the statute, of concurrent jurisdiction to serve process, civil or criminal, thereon. See Lasher v. State, 30 Tex. App. 387, 17 S.W. 1064.

Art. 5247 R.C.S. provides that the application made to the Governor for the purpose of securing exclusive jurisdiction over lands acquired by the government in this state shall be in writing and shall be accompanied by proper evidence of its acquisition containing or having annexed thereto an accurate description by metes and bounds of the land sought to be ceded.

In qualifying appellant's bill of exception to the overruling of his plea to the jurisdiction, the trial court said: "The defendant set out in his Plea to the jurisdiction a portion of the Deed by Allan Shivers, Governor of Texas, ceding jurisdiction over the Ford Hood Area to the Federal Government. The State in reply offered the entire deed—which shows U.S. Highway No. 190 was not included in the deed and instrument ceding such jurisdiction. All this was before the court. Jurisdiction over the right-of-way of Highway No. 190, not having been ceded to the Federal Government, it follows it was retained by the State***."

If we understand appellant's brief he would have the court enlarge upon the metes and bounds description of the land by adding thereto a portion of the highway under the rule that a deed to land passes title to the center of any road or way adjoining the land, though not specifically mentioned in such deed. This upon the theory that the strip of land would be of no use or value to the vendor of the larger tract. Such rule can have no application here. There is no basis for assuming that the Governor intended to cede jurisdiction over the highway because it was of no value to the state.

Appellant accepted the court's qualification to his bill, to the effect that the highway at the place of the accident was not in the ceded area, and is bound by such qualification. In addition, we find nothing in the record which convinces us that the trial court was not correct in his findings.

The deceased was a passenger in a car driven by his son Howard Straw. While proceeding west along the highway adjacent to Camp Hood, Howard Straw saw the appellant driving an approaching car. Appellant was on the wrong side of the road and bearing still further to his left. Straw attempted to pull back to his left and the cars collided near the center of the road, part of the Straw car being across the center line. The deceased was thrown from the car and died there at the scene of the accident. Other occupants of the Straw car was injured, two ladies severely.

Witnesses who saw appellant soon after the accident testified that he was intoxicated. A blood test revealed the presence of 1.5 milligrams of ethyl alcohol per cubic centimeter of his blood.

Bill of Exception No. 2 complains that Howard Straw was permitted to answer the question: "Now Mr. Straw, assuming that the Sandel car had maintained its course before you made your left turn and if you had stayed in your proper lane of that highway, what would have happened between the two cars?" To which the witness answered: "They would have hit head on. It would have been a worse accident than it was, as far as I could see."

We are inclined to view the testimony as a shorthand rendition of the facts. But in any event, there was no issue involved as to whether or not Howard Straw may have been

guilty of negligence, but only the issue as to appellant's intoxication and whether or not his intoxicated condition caused or contributed to cause the death of Lee O. Straw. No reversible error is shown by this bill.

Bills of Exception Nos. 3 to 6 inclusive complain of the introduction of testimony regarding the taking of the blood test and the results thereof. Contrary to appellant's contention we have held that such testimony is admissible. See Brown v. State, 156 Tex. Cr. R. 144, 240 S.W. 2d 310; Heath v. State, 156 Tex. Cr. R. 563, 244 S.W. 2d 815.

Bill of Exception No. 7 complains of the admission of testimony of Lynn S. Jones, Justice of the Peace, to the effect that after the accident occurred, and after appellant had been taken to the hospital, he obtained a pint bottle from under the front seat of appellant's car which was about half full of whiskey. The objection was that the search was without warrant, and out of the presence of appellant.

We are unable to agree that the search of the car at the place of the accident, as a part of the investigation of the killing, was unlawful. It was the duty of the officers to investigate the accident and the killing. An examination of the abandoned car was a necessary part of such investigation.

The evidence being sufficient to sustain the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed an exhaustive brief with his motion for rehearing. His chief contention is that the state court had no jurisdiction to try appellant, because the accident occurred on a highway within the bounds of the Camp Hood area. This question was treated sufficiently in the original opinion. We remain of the opinion that the jurisdiction of the highways within Camp Hood was not ceded exclusively to the Federal Government.

Another question treated in the motion for rehearing is the admissibility in evidence of the partially filled bottle of whisky that was found in appellant's car after his arrest. The opinion

reached the correct conclusion as held by this court in many cases.

The motion for rehearing is overruled.