JEFF TRUSVAN BARNER V. STATE

No. 27,607. June 15, 1955

Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 12, 1955

*H. R. Rolston,* Lufkin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of the offense of unlawfully driving an automobile upon a public highway while under the influence of intoxicating liquor and assessed a fine of $125.00.

The record is before us without a statement of facts.

By Bill of Exception No. 1 appellant attacks the complaint upon which the information is based and contends that the same

is defective because it failed to allege that the offense was committed in Angelina County.

The complaint reads in part as follows:

" * * * that Jeff Trusvan Barner on or about the 9th day of November, A.D., 1952, and before the making and filing of this complaint, in the County of Angelina and State aforesaid, did then and there unlawfully drive an automobile upon a public highway of the State of Texas, there situated while under the influence of intoxicating liquor, * * * ."

The use of the phrases "then and there" and "there situated" in the complaint was sufficient to show that the act of driving the automobile on a public highway was in Angelina County, Texas. Allegations similar to those in question have been held sufficient to allege that the motor vehicle was driven in a certain county. Baggett v. State, 154 Texas Cr. R. 618, 229 S.W. 2d 801; Heath v. State, 156 Texas Cr. R. 563, 244 S.W. 2d 815; and Webb v. State, 251 S.W. 2d 539.

Appellant has cited and relies upon the case of Steinman v. State, 153 Texas Cr. R. 198, 220 S.W. 2d 887, in support of his contention. That portion of the opinion in the Steinman case holding a similar allegation insufficient was expressly overruled by this court in Heath v. State, supra.

By Bill of Exception No. 3 appellant contends that the court was without jurisdiction to try his case at the January term, 1955, because the judge had not presented himself in the county courtroom and formally opened court for business for such term. This contention is without merit in view of the provisions of Rule 19 of Vernon's Ann. Texas Rules of Civil Procedure which provides in part:

"Every term of court shall commence and convene by operation of law at the time fixed by statute without any act, order or formal opening by a judge thereof, * * * ."

By Bill of Exception No. 4 appellant complains of the action of the court in overruling his motion to quash the jury panel.

The motion to quash, as set out in the bill, alleges that the court had intentionally and arbitrarily failed to appoint a jury commission to select jurors for the term as required by Article 2109, Vernon's Ann. R.C.S.

The record contains no facts which sustain the allegations in the motion that the court intentionally and arbitrarily failed to appoint the jury commission as required by Article 2109, supra, and therefore no error is shown. Hanna v. State, 159 Texas Cr. R. 2, 259 S.W. 2d 570.

We are further of the opinion that in the absence of a showing that the court intentionally or arbitrarily failed to follow the provisions of Art. 2109, supra, then his action in the instant case was authorized under Article 2108, Vernon's Ann. R.C.S.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the court.