

# The Attorney General of Texas

February 4, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William L. Schroeder
District Attorney
Caldwell and Comal Counties
Comal County Courthouse
New Braunfels, Texas   78130

Opinion No. MW-294

Re:   Return of concurrent criminal jurisdiction over lands to which Texas has previously ceded exclusive jurisdiction to the United States

Dear Mr. Schroeder:

You ask about criminal jurisdiction over activities at the Gary Job Corps Center.   The Gary Job Corps Training Center is located on land in Caldwell County that became a federal enclave in 1954.   It was then known as the Gary Air Force Base.   Governor Allan Shivers executed a deed ceding to the United States, pursuant to articles 5242, 5247 and 5248, V.T.C.S.,

> exclusive jurisdiction over the said described land, to hold, possess and exercise said jurisdiction over the same as long as the same remains the property of the United States of America (emphasis added),

reserving to the state only concurrent jurisdiction for the service of process and the power to collect sales and use taxes from non-exempt persons therein.   The deed so conditioned was accepted by the federal government. On July 9, 1965, Attorney General Waggoner Carr issued an unnumbered, unpublished opinion to Governor John Connally which correctly concluded that the deed of cession deprived the state of Texas of jurisdiction over criminal offenses committed at the Gary Job Corps Training Center.   See Baker v. State, 83 S.W. 1122 (Tex. Crim. App. 1904); Lasher v. State, 17 S.W. 1064 (Tex. Crim. App. 1891).   Cf. Sandel v. State, 253 S.W. 2d 283 (Tex. Crim. App. 1952); Curry v. State, 12 S.W. 2d 796 (Tex. Crim. App. 1928). Criminal prosecutions are not transitory actions.   See Sessions Company v. W.A. Scheaffer Pen Company, 344 S.W. 2d 180 (Tex. Civ. App. - Dallas 1961, writ ref'd n.r.e.).

In 1978 the Comprehensive Employment and Training Act, title 29, section 937(d) of the United States Code, was amended by Congress to read:

> All property which would otherwise be under exclusive Federal legislative jurisdiction shall be

under concurrent jurisdiction with the appropriate State and
locality with respect to criminal law enforcement as long as a
Job Corps center is operated on such property.

You ask if the federal statute serves to revest in state and local authorities
criminal jurisdiction over activities at the Gary Center in the absence of affirmative
action by the state signifying an acceptance of the recession of jurisdiction on those
terms.

Texas statutes give legislative consent to the United States to acquire Texas
lands, but deny "exclusive" federal jurisdiction over such lands unless it is ceded by the
governor's deed when cession of jurisdiction is requested. V.T.C.S. arts. 5242, 5247,
5748. The extent of jurisdiction reserved to the state is settled and concluded by the
governor's deed. Adams v. Calvert, 396 S.W. 2d 948 (Tex. 1965). Such arrangements
between the state and the national government as to the jurisdiction of territory
within the state's borders are in the nature of mutual declarations of rights that will be
recognized and respected by the courts. Collins v. Yosemite Park & Curry Co., 304
U.S. 518 (1938). See U.S. Const. art. I, §8, cl. 17.

The cession deed here anticipates the resumption of state jurisdiction when the
territory no longer remains the property of the United States of America, but not
otherwise. In James v. Dravo Contracting Co., 302 U.S. 134 (1937), the United States
Supreme Court observed that a transfer of legislative jurisdiction carries with it not
only benefits, but obligations, and concluded:

> Clause 17 contains no express stipulation that the consent of the
> state must be without reservations. We think that such a
> stipulation should not be implied. We are unable to reconcile
> such an implication with the freedom of the state and its
> admitted authority to refuse or qualify cessions of jurisdiction
> when purchases have been made without consent, or property
> has been acquired by condemnation. 302 U.S. at 148-49.

If a state may determine by its deed the conditions on which it will relinquish
jurisdiction, no reason appears why its deed may not determine the conditions on which
it will resume jurisdiction. Unless Congress possesses power to unilaterally force
onerous territorial jurisdiction upon states that are under no duty to accept it
otherwise, the 1978 amendment to section 937(d) of the Comprehensive Employment
and Training Act did not ipso facto transfer to the State of Texas any criminal
jurisdiction over the Gary Job Corps Center.

Congress possesses no such power. Except for the authority reserved by its
cession deed, from the time Texas ceded exclusive jurisdiction over the Gary Air Force
Base property, the ceded territory has occupied toward Texas a jurisdictional
relationship like that of land located in a sister state. In United States v. Mississippi
Tax Commission, 412 U.S. 363, 378 (1973), the United States Supreme Court held that
federal enclaves over which the United States exercises exclusive jurisdiction pursuant

to article I, section 8, clause 17 of the federal Constitution, are in relation to the ceding state "as the territory of one of her sister states or a foreign land." Were the Gary Center property actually the territory of a sister state — Oklahoma, for instance — the Congress could not force Texas to assume criminal jurisdiction over it, even if the state of Oklahoma agreed, for the United States Constitution prevents such measures unless both affected states consent. U.S. Const. art. IV, §3. See Louisiana v. Mississippi, 202 U.S. 1, 40 (1906).

Article IV, section 3 of the Constitution specifies that Congress may not carve a new state out of another state, or create a new state from other states, or parts of states, without the consent of the states concerned. The term "state" as used in the fourth section of article IV has been held by the Supreme Court to mean "a people or political community, as distinguished from a government." Texas v. White, 74 U.S. 700, 721 (1869). Thus, if the term has the same meaning in section 3, the fact that the Gary Center property is a federally administered enclave rather than territory controlled by a state government does not foreclose the application of article IV, section 3 of the Constitution, or obviate the necessity that the passage of jurisdiction over it from one to another be based on an agreement — or acquiescence, at least. See United States v. Texas, 162 U.S. 1 (1896) (Indian territory). See also U.S. Const. amend. X; Steward Machine Co. v. Davis, 301 U.S. 548 (1937). Cf. New Mexico v. Texas, 275 U.S. 279, 301 (1927), modified, 276 U.S. 557, 558 (1928); New Mexico v. Colorado, 267 U.S. 30, 41 (1925); Fragoso v. Cisneros, 154 S.W. 2d 991 (Tex. Civ. App. - El Paso 1941, writ ref'd w.o.m.).

Whatever might be the duty of the state to resume full jurisdiction should the federal government alienate its Gary Job Corps Center property, the state of Texas is not obliged, unless state law requires it, to take back bits and pieces of jurisdiction that Congress may care to give it in the meantime. See Anderson v. Gladden, 293 F. 2d 463 (9th Cir. 1961). Compare State v. Rainier National Park Co., 74 P. 2d 464 (Wash. 1937), with Capetola v. Barclay White Co., 139 F. 2d 556 (3rd Cir. 1943). Cf. Washington v. Yakima Indian Nation, 439 U.S. 463 (1979). A different conclusion would force the state to shoulder, without commensurate benefits, the burdens of which its cession deed — accepted by the federal government — supposedly relieved it. Moreover, since the United States retains full power over the territory, presumably the Congress could unilaterally withdraw its permission to exercise the jurisdiction as easily as it purports to grant it in the first place. See United States v. Sharpnack, 355 U.S. 286 (1958); Baker v. State, supra.

Unlike the reversions considered in S.R.A., Inc. v. Minnesota, 327 U.S. 558 (1946), and Attorney General Opinion MW-61 (1979), the territory here "remains the property of the United States of America." Governor's Deed of Cession, Sept. 24, 1954. Cf. Humble Pipe Line Co. v. Waggonner, 376 U.S. 369 (1964); Humble Oil and Refining Co. v. Calvert, 478 S.W. 2d 926 (Tex.), cert. denied, 409 U.S. 967 (1972). Inasmuch as the purported transfer of concurrent criminal jurisdiction to the state in this case cannot be considered a reversion of jurisdiction under the original cession deed, it constitutes a limited, but new and distinct, offer by one sovereign to cede jurisdiction to another. As such, it must be accepted to become effective, and acceptance will not be

presumed where its beneficial effect upon the grantee sovereign is in doubt. State v. Allard, 313 A. 2d 439 (Me. 1973). Cf. Silas Mason Co. v. Tax Comm. of Washington, 302 U.S. 186 (1937); Humble Oil and Refining Co. v. Calvert, supra (beneficial grant).

In our opinion, the Congressional amendment of the Comprehensive Employment and Training Act to permit the exercise of concurrent state criminal jurisdiction over Job Corps Training Centers for a limited time did not serve to immediately revest in state and local authorities criminal jurisdiction over activities at the Gary Center. Affirmative action by the state signifying an acceptance of the offer of recession of jurisdiction on the offered terms is necessary to complete the transfer of power.

## SUMMARY

The 1978 amendment by Congress of the Comprehensive Employment and Training Act, 29 U.S.C. section 937(d), did not work an immediate reinstatement of state and local criminal jurisdiction over activities at the Gary Job Corps Training Center. Affirmative action by the state signifying an acceptance of the offer of recession of jurisdiction on the offered terms is necessary to complete the transfer of authority.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Bruce Youngblood